67 P.3d 1271

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jerry G. FERGUSON, Defendant–Appellant.**

No. 27696.

Court of Appeals of Idaho.

Dec. 9, 2002.

Swafford Duffin, Chtd., Idaho Falls, for appellant. M. Patrick Duffin argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

JUDD, Judge Pro Tem.

Jerry G. Ferguson (hereinafter Jerry) appeals from an order of restitution entered by the district court two years after he was discharged from probation.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Jerry was charged with and pleaded guilty to arson in the first degree. On October 11, 1994, the court sentenced Jerry to a unified eight-year term of imprisonment with three years fixed. The court retained jurisdiction. Approximately one month later, on November 9, 1994, the prosecuting attorney filed a statement of costs along with an affidavit regarding restitution. After Jerry completed the retained jurisdiction program, the court held a review hearing which was attended by Jerry, his lawyer and the prosecuting attorney. Following the hearing, Jerry's sentence was suspended by the court and he was placed on probation. The terms of his probation included a requirement that he pay restitution, but in the place for the amount of restitution the court entered "TBD." No order of restitution stating an amount was ever entered by the court. On May 13, 1998, the trial court entered an order discharging Jerry from probation, finding that he had satisfactorily complied with all of the terms and conditions of his probation.

Almost two years later on March 22, 2000, the victim, Ferguson's ex-wife, Julie Ferguson (hereinafter Julie), sought a civil judgment against Jerry by recording an order of restitution as a judgment pursuant to Idaho Code § 19–5305, however, the document recorded by Julie was the statement of costs and affidavit regarding restitution, not an "order of restitution." Julie then obtained a writ of execution and an order for continuing garnishment. Jerry filed a motion to quash the writ of execution and order for garnishment as well as the statement of costs and affidavit regarding restitution. The district court granted Jerry's motion to quash, finding that there had been no separate order of

restitution entered by the trial court directing the defendant to pay restitution to Julie.

Julie, thereafter, filed a request for an order of restitution. Jerry opposed the request, arguing that the court no longer had jurisdiction over him for the offense of arson because its jurisdiction ended when he was discharged from probation. Following a hearing the district court entered an order of restitution in the amount of $21,114.84 plus interest from the date of judgment. Jerry then filed a motion for reconsideration, specifically asking the court to reconsider its finding that the household items owned by Julie were valued at $18,000. The court granted the motion in part, lowering the amount of restitution to $19,539.84 plus interest. Jerry now appeals the district court's entry of the order of restitution. On appeal, the State has also challenged the timeliness of Jerry's appeal.

## II.

## ANALYSIS

### A. Timeliness of the Appeal

First, the State contends that this Court has no jurisdiction to consider matters not raised in Jerry's motion for reconsideration because Ferguson's notice of appeal was timely only from the amended order of restitution. The State argues that when an appeal is timely only from an amended order, the only issues preserved are those relating to the amendment. The State asserts that because Jerry only challenged the amount of restitution in his motion for reconsideration, this Court now lacks jurisdiction to hear Jerry's challenges to his obligation to pay restitution and may only consider his claims that the amount of restitution ordered is improper.

■ Relief from a restitution order cannot be pursued by a motion to reduce or correct a sentence pursuant to Idaho Criminal Rule 35; rather, a defendant may seek relief pursuant to I.C. § 19-5304(10). *State v. Bybee,* 115 Idaho 541, 544, 768 P.2d 804, 807 (Ct. App.1989). Under I.C. § 19-5304(10), "a defendant, against whom a restitution order has been entered, may, within forty-two (42)

days of the entry of the order of restitution, request relief from the restitution order in accordance with the Idaho rules of civil procedure relating to relief from final orders." In the civil arena, this Court has held that a motion under I.R.C.P. 59 to alter or amend the judgment or a motion under I.R.C.P. 11(a)(2)(B) for reconsideration tolls the time period for the filing of a notice of appeal as provided in I.A.R. 14(a). *J.P. Stravens Planning Associates, Inc. v. City of Wallace,* 129 Idaho 542, 546, 928 P.2d 46, 50 (Ct.App. 1996); *Ade v. Batten,* 126 Idaho 114, 116, 878 P.2d 813, 815 (Ct.App.1994).

■ In the instant case, fourteen days after the court entered the order of restitution, Jerry filed a motion for reconsideration. In his motion, Jerry challenged the court's finding as to the amount of restitution he owed to Julie. The motion for reconsideration, therefore, could affect the order of restitution, thus tolling the appeal period. Upon entry of the amended order of restitution the appeal period began once again and Jerry timely filed his notice of appeal. Therefore, this Court has jurisdiction to consider Jerry's appeal pursuant to I.A.R. 14(a).

### B. Order of Restitution

Jerry contends that the district court lacked authority to enter an order of restitution because the court had discharged him from probation two years earlier. The State, however, relies upon I.C. § 19-5304(6), which grants the trial court the authority to enter restitution orders at the time of sentencing or at "such later date as deemed necessary by the court," for its assertion that the court acted within its power in entering the order of restitution. The issue presented is a question of law over which this Court exercises free review. *State v. Clark,* 135 Idaho 255, 257, 16 P.3d 931, 933 (2000); *State v. Burnight,* 132 Idaho 654, 657, 978 P.2d 214, 217 (1999).

■ Idaho Code § 19-5304(2) grants trial courts the power to order defendants to make restitution to their victim(s) unless the court finds that restitution would be inappropriate or undesirable. An order of restitution is to be a separate written order, in

addition to any sentence imposed by the court. *Id.* However, nothing in this statute gives a trial court the authority to reopen a criminal case in order to enter the order of restitution. Furthermore, the State has cited no statute or rule, and we find none, that allows the reopening of a criminal case after the defendant has been discharged. Therefore, the trial court lost authority to enter an order of restitution when the court discharged Jerry from probation two years earlier, finding that he had complied with all of the terms and conditions of his probation.

The State's reliance upon I.C. § 19–5304(6), which provides that a court may enter the restitution order at the time of sentencing or "at such later date as deemed necessary by the court," is misplaced. The key word in this section of the statute is "necessary." This section contemplates that the court may need to grant the prosecution a *reasonable* amount of time *necessary* to gather information so as to locate all victims and correctly compute the amount of restitution. It does not, however, vest the court with the power to extend the entry of the order of restitution beyond the closing of the case and the discharge of the defendant. Any other reading of this statute places an unfair burden upon defendants.

The prosecution, in the instant case, submitted an affidavit presenting evidence of the restitution claim, along with a statement of costs, one month after sentencing. There has been no showing by the State that it was "necessary" to put off the entry of the order of restitution beyond this time. Therefore, not only did the trial court lack the authority to reopen Jerry's case two years after discharging him from probation, but there was also no showing that it was necessary to prolong the entry of the order of restitution for six years.

We hold that the trial court acted without authority when it entered the order of restitution and the amended order of restitution. Accordingly, we vacate the trial court's award of restitution.

**C. Attorney Fees on Appeal**

■ Jerry has also requested that he be awarded attorney fees on appeal; however, he has failed to present any authority for such an award. In order to be entitled to an award of attorney fees, a party must cite a specific statute or common law rule upon which an award may be based. *Browning v. Browning,* 136 Idaho 691, 696, 39 P.3d 631, 636 (2001); *Bingham v. Montane Resource Associates,* 133 Idaho 420, 427, 987 P.2d 1035, 1042 (1999). Therefore, no attorney fees will be awarded on appeal.

### III.

### CONCLUSION

The trial court erred in entering an order of restitution against Jerry after discharging him from probation two years earlier. The order of the district court is reversed.

Chief Judge PERRY and Judge LANSING concur.