**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36018**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2010 Opinion No. 35** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 21, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **VICKI A. JENSEN,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Amended order of restitution to pay $22,500 to the Idaho Industrial Commission, vacated.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant. Heather M. Carlson argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

GRATTON, Judge

Vicki A. Jensen is serving a determinate life sentence. This is an appeal from an order of restitution. Jensen claims the district court lacked authority to order restitution. We agree and vacate the order.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Jensen pled guilty to first degree murder, and on March 14, 2001, the district court imposed a determinate life sentence. This Court affirmed her judgment of conviction and determinate life sentence, *State v. Jensen*, 137 Idaho 240, 46 P.3d 536 (Ct. App. 2002), and review was denied on May 16, 2002.

Over six years after sentencing, on July 13, 2007, the district court entered an initial order of restitution directing Jensen to pay $22,500 in restitution to the Idaho Industrial Commission. The order was entered without a hearing or notice to Jensen or her attorney. Jensen did not

1

receive actual notice that the order had been entered until December 13, 2007. On March 6, 2008, Jensen filed a motion to proceed with an untimely appeal. On June 30, 2008, Jensen filed a document titled appeal of order of restitution, which was treated by the district court as a notice of appeal and a motion for relief under Idaho Rule of Civil Procedure 60(b). The district court denied Jensen's motion for the right to an untimely appeal. However, the district court granted relief under its reserved authority in Rule 60(b) to set aside a judgment within one year of its entry. The court set aside the initial order of restitution on the ground that it was entered without notice and a hearing, and expressly allowed the State to seek another order within 30 days. The State filed a motion for restitution, and after a hearing, an amended order of restitution was entered against Jensen directing her to pay $22,500 to the Idaho Industrial Commission. Jensen appeals.

## II.

## ANALYSIS

Jensen contends the district court lacked subject matter jurisdiction or authority to enter either the initial or the amended order of restitution. First, Jensen argues that under *State v. Jakoski*, 139 Idaho 352, 79 P.3d 711 (2003), the district court no longer had subject matter jurisdiction "once the remitter (sic) in her case was issued and the judgment of conviction became final." Alternatively, Jensen argues that the district court exceeded its authority, under Idaho Code § 19-5304(6), to order restitution at sentencing or at "such later date as deemed necessary by the court," as that period of time had expired, citing *State v. Ferguson*, 138 Idaho 659, 661, 67 P.3d 1271, 1273 (Ct. App. 2002). A number of cross-contentions arise at this juncture. The State argues that the district court lacked subject matter jurisdiction to vacate the initial order of restitution under Rule 60(b), and, thus, the initial order of restitution remains valid. In this regard, the State asserts that I.C. § 19-5304(10) limits a court's subject matter jurisdiction to entertain a challenge to an order of restitution to 42 days from entry of the order or at the conclusion of a hearing to reconsider. Jensen did not file her challenge to the initial order of restitution within 42 days. In response, Jensen argues that since the State did not appeal the

2

district court's Rule 60(b) decision or file a cross-appeal, the State cannot now raise the issue on appeal.[1]

A criminal trial court is without subject matter jurisdiction or authority to order restitution unless provided by statute. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002) ("It is generally recognized that courts of criminal jurisdiction have no power or authority to direct reparations or restitution to a crime victim in the absence of a statutory provision to such effect."). Idaho Code § 19-5304(2) grants to the trial court the power to order defendants to pay restitution to victims that suffer economic loss. *Richmond*, 137 Idaho at 37, 43 P.3d at 796; *State v. Ferguson*, 138 Idaho 659, 661, 67 P.3d 1271, 1273 (Ct. App. 2002). Thus, subject matter jurisdiction resided in the district court in this matter pursuant to the statutory conveyance. The parties here do not contest that the district court obtained subject matter jurisdiction, pursuant to the statute, to order restitution. Rather, their contentions rest on whether the district court's subject matter jurisdiction lapsed or, alternatively, whether the district court acted within its subject matter jurisdiction but outside of its authority.

Jensen argues that I.C. § 19-5304(6), which states that "restitution orders shall be entered by the court at the time of sentencing or such later date as deemed necessary by the court," defines the outer limit of the court's subject matter jurisdiction to enter an order of restitution. Thereupon, Jensen claims that, since it has not been demonstrated that the more than six years from sentencing to entry of the orders of restitution was "necessary," the court lacked subject matter jurisdiction to enter the orders of restitution. On the other hand, the State asserts that I.C. § 19-5304(6) relates to the exercise of discretion by the court and, therefore, does not involve the court's subject matter jurisdiction.

Conversely, the State argues that I.C. § 19-5304(10), which states that "a defendant, against whom a restitution order has been entered, may, within forty-two (42) days of the entry of the order of restitution, request relief from the restitution order," defines the outer limit of the court's subject matter jurisdiction to grant relief from an order of restitution. Thereupon, the State claims that, since Jensen did not seek relief from the initial order of restitution within

---

[1] The State also argues the district court erred because: (1) the order of restitution was not a default judgment as contemplated by Rule 60(b); and (2) Jensen cannot use Rule 60(b) as a substitute for an appeal. Jensen also argues that the court abused its discretion in awarding restitution in the amended order without considering her financial resources. Because of our disposition of the issue of the court's authority, we do not address these issues.

3

42 days of its entry (or from the date of her actual notice of its entry), the court lacked subject matter jurisdiction to vacate the initial order of restitution and it remains valid. On the other hand, Jensen asserts that I.C. § 19-5304(10) relates to the court's authority consistent with the Idaho Rules of Civil Procedure and, therefore, does not involve the court's subject matter jurisdiction.

We conclude that, while Title 19, Chapter 53, Idaho Code conveys subject matter jurisdiction upon trial courts to enter orders of restitution in criminal matters, both I.C. § 19-5304(6) and (10) relate to the court's authority to act within that subject matter jurisdiction. In *State v. Armstrong*, 146 Idaho 372, 195 P.3d 731 (Ct. App. 2008), we extensively analyzed the difference between a court's power to act, i.e., subject matter jurisdiction, and a court's authority to act within its subject matter jurisdiction. In *Armstrong*, we noted:

> A precise use of the term "jurisdiction" refers only to either personal jurisdiction over the parties or subject matter jurisdiction. Unfortunately, however, the term is often used more loosely to refer simply to a court's authority to take a certain action or grant a certain type of relief. That is, courts and lawyers sometimes say that a court lacked jurisdiction when they really mean simply that the court committed error because the action that was taken did not comply with governing law. For example, our appellate courts have referred to a lack of "jurisdiction" when perhaps more precisely meaning that a motion or complaint was not timely filed, that a condition precedent to the right to file the action was not satisfied, or that governing statutes or court rules did not authorize the particular decision made by the court.

*Armstrong*, 146 Idaho at 375, 195 P.3d at 734.

"Subject matter jurisdiction is the power to determine cases over a general type or class of dispute." *Bach v. Miller*, 144 Idaho 142, 145, 158 P.3d 305, 308 (2007). In *State v. Rogers*, 140 Idaho 223, 227-28, 91 P.3d 1127, 1131-32 (2004) (quoting 20 AM. JUR. 2D *Courts* § 70 (1995)), our Supreme Court stated:

> "Jurisdiction over the subject matter" has been variously defined as referring to (1) the nature of the cause of action and of the relief sought; (2) the class of cases to which the particular one belongs and the nature of the cause of action and of the relief sought; (3) the power of a court to hear and determine cases of the general class to which the particular one belongs; (4) both the class of cases and the particular subject matter involved; and (5) the competency of the court to hear and decide the case. However, subject matter jurisdiction does not depend on the particular parties in the case or on the manner in which they have stated their claims, nor does it depend on the correctness of any decision made by

4

the court. Also, the location of a transaction or controversy usually does not determine subject matter jurisdiction.

In *Armstrong*, we recognized that the Supreme Court had, in *Jakoski*, held that a trial court loses subject matter jurisdiction to rule on a motion for withdrawal of a guilty plea when the judgment of conviction has become final. *Armstrong*, 146 Idaho at 378, 195 P.3d at 737. In *Rogers*, the Supreme Court stated that once subject matter jurisdiction is acquired it continues until some event ends the power. *Rogers*, 140 Idaho at 228, 91 P.3d at 1132. Thus, in certain circumstances, our Supreme Court has indicated that subject matter jurisdiction, although initially obtained, may cease. It is not entirely clear, however, as to the precise circumstances in which a trial court's subject matter jurisdiction ceases, thereby terminating its power to act, as opposed to those circumstances which define the boundaries of the trial court's authority to act within its subject matter jurisdiction.[2]

Interestingly, both Jensen and the State argue that *Jakoski* supports their respective claim regarding the trial court's subject matter jurisdiction. Jensen asserts that the trial court lost subject matter jurisdiction to entertain a request for restitution when her judgment of conviction became final in 2002. In this regard, Jensen cites to the general statement in *Jakoski* that "absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *Jakoski*, 139 Idaho at 355, 79 P.3d at 714. On the other hand, the State asserts that the trial court lost subject matter jurisdiction to entertain a request for relief from the order of restitution at the expiration of the 42-day time limit set out in I.C. § 19-

---

[2]     Perhaps the clearest instances are found in circumstances in which jurisdiction or authority has been assumed by another court or governmental branch and further orders of the trial court may tend to invade that jurisdiction. A district court generally loses jurisdiction once a notice of appeal is filed, except as to specifically enumerated acts in Idaho Appellate Rule 13. *H & V Engineering v. Idaho State Board of Professional Engineers and Land Surveyors*, 113 Idaho 646, 648, 747 P.2d 55, 57 (1987). In *State v. Chapman*, 121 Idaho 351, 355, 825 P.2d 74, 78 (1992), the Court held that the district court "usurped the constitutional duties of the parole commission" by granting a prisoner probation under an I.C.R. 35 motion to reduce his sentence when the prisoner had served six and one half years of a fifteen-year indeterminate sentence. In *State v. Taylor*, 142 Idaho 30, 30-31, 121 P.3d 961, 961-62 (2005), the Court held that the district court's placing the defendant on probation was void because he was in the custody of the Board of Corrections by the time of the hearing and the district court was not otherwise granted power to act. *Id*. at 31-32, 121 P.3d at 962-63.

5304(10). In that regard, the State cites *Jakoski* for the proposition that "a court's jurisdiction to amend or set aside the judgment in a case does not continue forever." *Jakoski*, 139 Idaho at 354, 70 P.3d at 713.

While a criminal trial court may lose subject matter jurisdiction, absent express extension, to enter certain orders or grant certain relief after a judgment of conviction has become final, I.C. § 19-5304(6) expressly confers jurisdiction to order restitution beyond the date of finality of the judgment of conviction. The time limits found in I.C. § 19-5304(6) and (10) do not affect loss of subject matter jurisdiction, but, rather, set the standards for the court's exercise of its authority. *See Cole v. State*, 135 Idaho 107, 110, 15 P.3d 820, 823 (2000) (failure to comply with limitation period does not result in a jurisdictional defect). Restitution is a statutorily granted power to the criminal trial court, not constitutional. *See Armstrong*, 146 Idaho at 378, 195 P.3d at 737 (noting that the Supreme Court in *Jakoski* specifically referenced a constitutional basis for its holding). Restitution is in the nature of a civil remedy as opposed to a criminal sentence and, indeed, the statute references applicability of the rules of civil procedure. I.C. § 19-5304(10). The time frames set out in I.C. § 19-5304(6) and (10), regarding when a court may entertain a request for restitution or entertain a request for relief, are procedural in nature. While the procedure is apparently designed to secure finality so that the order of restitution may become a civil judgment, I.C. § 19-5305, that purpose does not change their nature from defining when the court may act to, instead, terminating the court's subject matter jurisdiction to act. Orders of a criminal trial court relating to restitution do not invade the authority over a criminal defendant that is constitutionally or statutorily conferred upon the executive branch. The 42-day time limit in I.C. § 19-5304(10), while corresponding to the number of days granted to file an appeal, does not, itself, affect an appellate court's assumption of jurisdiction. Therefore, we hold that the district court was cloaked with subject matter jurisdiction relative to the orders of restitution and we, then, turn to whether the court acted within the bounds of its authority pursuant to I.C. § 19-5304(6) and/or (10).

As noted, I.C. § 19-5304(6), in relevant part, states: "Restitution orders shall be entered by the court at the time of sentencing *or such later date as deemed necessary by the court*." I.C. § 19-5304(6) (emphasis added). In *Ferguson*, this Court stated that "this section contemplates that the court may need to grant the prosecution a *reasonable* amount of time *necessary* to gather information so as to locate all victims and correctly compute the amount of restitution."

6

*Ferguson*, 138 Idaho at 662, 67 P.3d at 1274 (emphasis in original). In *Ferguson*, the district court entered an order of restitution approximately six years after sentencing. *Id*. at 661, 67 P.3d at 1273. This Court vacated the trial court's award of restitution because: (1) the trial court lacked authority to reopen the case after the defendant was discharged from probation to enter the order of restitution; and (2) the State failed to show it was "necessary" to put off the entry of the order of restitution for as long as it did. *Id*. at 662, 67 P.3d at 1274.

In this case, on March 14, 2001, Jensen received a determinate life sentence. This Court affirmed Jensen's judgment of conviction and determinate life sentence, *Jensen*, 137 Idaho at 242, 46 P.3d at 538, and review was denied on May 16, 2002. On July 13, 2007, the district court entered the initial order of restitution directing Jensen to pay $22,500 in restitution to the Idaho Industrial Commission. After the initial order of restitution was vacated, a hearing was held on the State's renewed request for restitution. Jensen argued that the delay had not been shown to be necessary. The State did not present evidence that the delay from sentencing to seeking restitution was necessary. When the State realized, after more than six years from sentencing, that an order of restitution had not been entered, it approached the district court and obtained the initial order. The State conceded that "we should have been more diligent in making sure that that was done." The State also argued that because Jensen is in prison for life the delay was more of a benefit than a detriment to her. The district court did not find that the delay was reasonably necessary to process the request for restitution. The district court focused on the lack of prejudice to Jensen and entered the amended order of restitution as requested by the State on December 18, 2008.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). The district court did not act consistently with the applicable legal standards in entering the amended order of restitution. The district court made no finding, nor on the state of the record could it do so, that the delay was reasonably necessary for the processing of the request for restitution. The State acknowledged that the delay was not because of time needed to process the request, but because the case "fell through the

7

cracks." The district court, in entering the amended order of restitution, exceeded its authority under I.C. § 19-5304(6). The amended order of restitution is vacated.

The State has contended that even if the amended order of restitution was entered in error, the initial order of restitution should be reinstated because the district court lacked subject matter jurisdiction to set it aside, as it was entered outside the time limits of I.C. § 19-5304(10). The State did not directly appeal or cross-appeal the order setting aside the initial order of restitution. Idaho Appellate Rule 15(a) states:

> After an appeal has been filed, a timely cross-appeal may be filed from any interlocutory or final judgment, order or decree. If no affirmative relief is sought by way of reversal, vacation or modification of the judgment, order or decree, an issue may be presented by the respondent as an additional issue on appeal under Rule 35(b)(4) without filing a cross-appeal.

"Pursuant to I.A.R. 15 a respondent is required to file a cross-appeal if affirmative relief by way of reversal, vacation or modification of the judgment [, order or decree] is sought." *Miller v. Board of Trustees*, 132 Idaho 244, 247-48, 970 P.2d 512, 515-16 (1998). If the respondent does not cross-appeal then the issues are not properly before this Court and will not be considered. *Id*. at 248, 970 P.2d at 516. However, "if the issue raised is one of subject matter jurisdiction, this procedural flaw [failing to cross-appeal under I.A.R. 15(a)] does not preclude its consideration." *Armstrong*, 146 Idaho at 377, 195 P.3d at 736. The *Armstrong* Court concluded that the State's argument under *Jakoski* was over subject matter jurisdiction and considered it despite the lack of a cross-appeal. *Id*. at 378, 195 P.3d at 737. The State has sought affirmative relief but did not cross-appeal. The State's claim is only preserved if the district court lacked subject matter jurisdiction to set aside the initial order of restitution. We have held that time limits of I.C. § 19-5304(10) do not affect the district court's subject matter jurisdiction and the State's claim fails. Therefore, the district court's order vacating the initial order of restitution is unaffected by this appeal.

## III.

## CONCLUSION

The district court exceeded its authority by entering the amended order of restitution in contravention of I.C. § 19-5304(6). The amended order of restitution is vacated.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**

8