# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39995

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 342 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 28, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WINSTON REESE SEAL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Order denying I.C.R. 35 motion to correct an illegal sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jordan E. Taylor, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

---

PER CURIAM

Winston Reese Seal pled guilty to grand theft with a persistent violator enhancement. Idaho Code §§ 18-2403, 18-2407, 19-2514. The district court sentenced Seal to a unified sentence of twenty years with five years determinate. Seal filed an Idaho Criminal Rule 35 motion to correct an illegal sentence, which the district court denied. Seal appeals asserting that the district court erred in denying his Rule 35 motion.

Seal argues that the district court erred in denying his I.C.R. 35 motion because his sentence was illegal due to inaccuracies in the calculation of restitution and that he was not allowed to present evidence regarding restitution. Pursuant to Rule 35(a), the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35(a) to correct an illegal sentence, the question of whether the sentence imposed is illegal is a

1

question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991). In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Court held that a Rule 35 motion to correct an illegal sentence must show that the sentence is illegal on the face of the record and does not involve significant questions of fact or require an evidentiary hearing. Seal's motion does not satisfy this standard. In addition, in *State v. Ferguson*, 138 Idaho 659, 661, 67 P.3d 1271, 1273 (Ct. App. 2002), we noted that relief from a restitution order cannot be pursued by a motion to reduce or correct a sentence pursuant to Rule 35. Finally, to the extent Seal's motion seeks relief from a sentence imposed in an illegal manner, it is untimely under the rule.

Having reviewed the record in this case, we conclude that Seal has failed to demonstrate that his sentence is illegal. Thus, the district court did not err in denying his Rule 35 motion. Therefore, the district court's order denying Seal's Rule 35 motion is affirmed