**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42915**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 23 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: March 22, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANDREW C. KEYS, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Owyhee County. Hon. Christopher S. Nye, District Judge.

Order granting motion for reconsideration and setting aside order for restitution, affirmed.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for appellant.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for respondent.

_____

MELANSON, Chief Judge

Andrew C. Keys pled guilty to one count of domestic battery with traumatic injury. An order for restitution was entered. Keys filed a motion to set aside the restitution, which the district court denied. Keys then filed a motion for reconsideration. The district court granted the motion for reconsideration and set aside the order for restitution. The state appeals, arguing the district court erred in granting the motion to reconsider and in vacating the order for restitution. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Pursuant to a binding I.C.R. 11 plea agreement, Keys pled guilty to one count of domestic battery with traumatic injury. I.C. §§ 18-903(b) and 18-918. In exchange for his guilty

1

plea, additional charges were dismissed. On November 26, 2013, the district court entered a withheld judgment, ordered the payment of costs and public defender fees, and placed Keys on probation for a period of three years. Thereafter, the state submitted an affidavit for restitution and on May 14, 2014, the district court entered an order for restitution in the amount of $1,008.

On October 21, 2014, Keys filed a motion to set aside the order for restitution, asserting that the restitution order violated the terms of the plea agreement. The state objected and the district court denied Keys' motion to set aside. Keys filed a motion for reconsideration. Following a hearing, the district court granted Keys' motion for reconsideration and vacated the order for restitution. The state appeals.

## II.

## ANALYSIS

The state argues that the district court erred in granting Keys' motion for reconsideration and setting aside the restitution order. The state contends that the district court erroneously determined that it lacked the authority to order restitution because the plea agreement did not contain a specific restitution provision. Rather, the state asserts that the district court had continuing authority to modify the condition of Keys' probation including ordering restitution.

Below, in its order granting Keys' motion for reconsideration of the district court's order denying his motion to set aside the May 14, 2014, restitution order, the district court found that its order for restitution was entered in error and thus, set aside the order for restitution. The district court cited two alternative reasons for its decision to grant Keys' motion. First, the district court determined that it had no authority to order restitution because the plea agreement did not contain a restitution provision. The district court noted that, at sentencing, the court only ordered that Keys pay costs and fines, but did not order him to pay restitution. Consequently, the district court concluded that it had erred by entering the May 14, 2014, order for restitution. Alternatively, the district court reasoned that entry of the order for restitution was improper because there was no indication that the approximate six-month delay in the state's request for restitution was necessary to compute the amount of the restitution as required by I.C. § 19-5304(6). We address both justifications in turn.

2

A. **Restitution Based on Plea Agreement**

The district court concluded that it did not have the authority to impose restitution because restitution was not included in Keys' plea agreement. Criminal trial courts are cloaked with subject matter jurisdiction relative to orders for restitution by statutory grant. *State v. Jensen*, 149 Idaho 758, 762, 241 P.3d 1, 5 (Ct. App. 2010). Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision whether to require restitution is committed to the trial court's sound discretion. *State v. Hamilton*, 129 Idaho 938, 942, 935 P.2d 201, 205 (Ct. App. 1997). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

A trial court shall order restitution when the defendant is found guilty of a crime which results in economic loss to the victim, unless the court determines restitution is inappropriate or undesirable. I.C. § 19-5304(2); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). In determining whether restitution should be ordered and the amount of restitution, the trial court shall consider the amount of economic loss sustained by the victim; the financial resources, needs, and earning ability of the defendant; and other factors that the court deems appropriate. I.C. § 19-5304(7).

The district court, in response to Keys' motion to reconsider, concluded that it did not have the authority to order restitution because it was not a part of Keys' plea agreement. Under I.C. § 19-5304, trial courts possess the power to order restitution in a separate written order in addition to any other sentence imposed by the court. *State v. Gomez*, 153 Idaho 253, 258, 281 P.3d 90, 95 (2012); *State v. Ferguson*, 138 Idaho 659, 661-62, 67 P.3d 1271, 1273-74 (Ct. App. 2002). When a plea agreement is silent as to the issue of restitution, trial courts are not precluded from imposing restitution. *Gomez*, 153 Idaho at 258, 281 P.3d at 95 (holding that a trial court did not breach a plea agreement by imposing restitution when the agreement was silent as to restitution and reasoning that the parties could have included restitution in the agreement if

they wanted it to contemplate the issue). Here, the district court initially found that "restitution was not made a part of [Keys'] sentence" and, thus, lacked authority to impose restitution. The district court's ruling conflicts with *Gomez*. Although Keys' plea agreement was silent as to the issue, the district court had the authority to impose restitution. Therefore, we hold that the district court erred in setting aside its previous order for restitution based on Keys' plea agreement.

## B. Delay in Request for Restitution

The district court also made an alternate finding to support its determination to grant Keys' motion for reconsideration and set aside its previous restitution order. Citing the requirements of I.C. § 19-5304(6), the district court found that there was no indication that the state's six-month delay was necessary and, thus, erroneously entered its order for restitution. Conversely, the state contends that the district court's reliance on I.C. § 19-5304(6) is misplaced and that its delay in seeking restitution is justified by the record.

The power of district courts to order defendants to make restitution is derived from I.C. § 19-5304. *Ferguson*, 138 Idaho at 661, 67 P.3d at 1274. Idaho Code Section 19-5304(6) addresses time limits for imposition of an order for restitution and provides that "restitution orders shall be entered by the court at the time of sentencing or such later date as deemed necessary by the court." We previously addressed the meaning of this provision:

> The key word in this section of the statute is "necessary." This section contemplates that the court may need to grant the prosecution a *reasonable* amount of time *necessary* to gather information so as to locate all victims and correctly compute the amount of restitution. It does not, however, vest the court with the power to extend the entry of the order of restitution beyond the closing of the case and the discharge of the defendant. Any other reading of this statute places an unfair burden upon defendants.

*Ferguson*, 138 Idaho at 662, 67 P.3d at 1274. In *Jensen*, we held that the district court did not act consistently with the applicable legal standards of I.C. § 19-5304(6) when it entered an amended order for restitution without first making a finding that a six-year delay in the state's request for restitution was necessary. *Jensen*, 149 Idaho at 763, 241 P.3d at 6. There, the state conceded that the delay was not because it needed that time for processing the request for restitution but that the delay was an oversight. *Id.* Reasoning that "the district court made no finding, nor on the state of the record could it do so, that the delay was reasonably necessary for

the processing of the request for restitution," we concluded that the district court exceeded its authority to enter an amended order for restitution. *Id.* Although, the delay in *Jensen* was substantially longer than the delay present in this case, the strictures of I.C. § 19-5304(6) still require a showing that the delay is reasonably necessary.

Here, the district court did not impose restitution at Keys' sentencing. Rather, approximately five months following Keys' sentencing, the state sought and the district court granted the order for restitution. The state may be permitted to take a reasonable amount of time necessary to gather information in an effort to correctly compute the amount of restitution, but the state must demonstrate that the additional time was necessary. *See Ferguson*, 138 Idaho at 662, 67 P.3d at 1274. Although the state now argues that the delay was justified, the record does not reflect that this was presented to the district court below. As was the case in *Jensen*, the record before us here is devoid of a finding by the district court that the state's delayed request for restitution was necessary. Therefore, we hold that the district court did not err in concluding that it lacked the authority to impose its previous order for restitution after failing to previously find that the state's delay in requesting restitution was necessary as required by I.C. § 19-5304(6). Accordingly, we hold that the district court did not err in granting Keys' motion for reconsideration and vacating its previous order for restitution.

## III.

## CONCLUSION

The district court erred in concluding that it lacked jurisdiction to enter its order for restitution because Keys' plea agreement did not contemplate the issue of restitution. However, the district court did not err in alternatively concluding that it lacked the authority to impose restitution in this case because the state had not shown that the six-month delay from sentencing to the state's request for restitution was necessary. Therefore, we affirm the district court's order granting Keys' motion for reconsideration and setting aside its order for restitution.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.