**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44040**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 762** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 4, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHAEL THOMAS HAYES,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying Idaho Criminal Rule 35 motion, affirmed.

Michael Thomas Hayes, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

In September 2011, Michael Thomas Hayes pled guilty to felony driving under the influence, Idaho Code §§ 18-8004, 18-8005(6). At Hayes' sentencing hearing, the district court imposed a unified sentence of ten years, with a minimum period of confinement of two years. Following the sentencing hearing, the district court issued a written order of judgment and commitment, filed October 26, 2011. On the same day, the district court also issued a written order of restitution and judgment, ordering Hayes to pay $240 in restitution to the State for the blood draw and lab work performed in the case. Hayes did not appeal from either the judgment of conviction or the restitution order.

1

In January 2016, Hayes filed a pro se "Motion to Show Cause (I.C.R. 35) Correction of Sentence." This motion did not specify whether Hayes' motion was being brought pursuant to I.C.R. 35(a) or 35(b). In his motion, he asserted that the district court did not verbally order restitution during the sentencing hearing. Hayes argued that, absent the district court's verbal articulation of its order for restitution during the sentencing hearing, Hayes was deprived of constitutionally required notice of the sentence imposed against him. He also argued that the district court's imposition of restitution was illegal because the court followed the recommendation found in the plea agreement, which Hayes alleges the State withdrew prior to sentencing. The district court denied the motion, concluding that Hayes' argument that his sentence was illegal based upon the order of restitution was not an appropriate basis under I.C.R. 35(a); and, alternatively, the motion was untimely pursuant to I.C.R. 35(b). Hayes timely appeals the district court's denial of his motion.

In denying Hayes' motion pursuant to I.C.R. 35, the district court found that I.C.R. 35 was not an appropriate vehicle for Hayes' assignment of error. We agree. An order for restitution is "separate and apart from a criminal sentence" and is, essentially, a civil judgment against the defendant. *State v. Straub*, 153 Idaho 882, 886, 292 P.3d 273, 277 (2013); *see also State v. Mosqueda*, 150 Idaho 830, 834, 252 P.3d 563, 567 (Ct. App. 2010) ("restitution, while attendant to a criminal conviction and most-often adjudicated at the sentencing hearing, is not part of a defendant's 'sentence'"). Thus, relief from a restitution order cannot be obtained pursuant to an I.C.R. 35 motion. *State v. Ferguson*, 138 Idaho 659, 661, 67 P.3d 1271, 1273 (Ct. App. 2002). The district court did not err in determining that the basis of Hayes' motion, the award of restitution, was outside the scope of I.C.R. 35. Accordingly, we affirm the district court's order denying Hayes' motion.