IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45976

| STATE OF IDAHO, | ) | |
| --- | --- | --- |
| | ) | Filed: September 27, 2019 |
| Plaintiff-Respondent, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| ALLEN LEE MOORE, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Order of restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Allen Lee Moore appeals from the district court's order of restitution. He asserts the district court abused its discretion by entertaining the State's motion for restitution, which the State submitted approximately thirty days after the district court's deadline for such a motion. We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Moore pled guilty to felony aggravated battery and to misdemeanor battery. The district court sentenced Moore to a unified term of eight years with two years determinate, but suspended Moore's sentence and placed him on probation. At the sentencing hearing, the State requested a restitution order, noted that the restitution amount was $1,650.39 at that time, and further requested the court to leave restitution open for ninety days in anticipation of requesting

1

an additional amount. The district court partially granted the State's request and included in its probation order that "the State is directed to notice restitution for hearing if the parties cannot stipulate to an amount within 60 days."

Approximately thirty days after this deadline, the State filed a motion seeking $2,135.63 in restitution. At the hearing on the motion, the State explained that the filing was late due to a clerical error; the restitution department incorrectly calendared the deadline for ninety days rather than sixty days; and the State filed the motion on January 23, 2018--the same day the State received the final statement for the Crime Victims Compensation Program (CVCP) from the Idaho Industrial Commission. Based on these facts, the State requested relief from the sixty-day deadline. Moore stipulated that "it looks like the State received a letter dated January 23rd from the Industrial Commission, their [CVCP]." Although Moore acknowledged that the State's late filing did not prejudice him and that he did not object to the motion on the merits, he did object to the motion as untimely. Relying on *State v. Ferguson*, 138 Idaho 659, 67 P.3d 1271 (Ct. App. 2002), Moore argued the additional time was not "necessary."

The district court rejected *Ferguson* as controlling and granted the State leave from the original deadline. The district court explained that, unlike *Ferguson*, Moore's case remained ongoing and that the district court's deadline was neither jurisdictional nor statutory but rather a convenient means of ensuring the parties concluded restitution. Further, the district court based its ruling on the fact that the CVCP information was unavailable until after the deadline. Finally, the district court concluded that its procedural deadline should not "overrule the mandates of the [restitution] statute." Despite the district court granting the State's request for an enlargement of time to file its restitution motion, the district court entered an order awarding without explanation only $1,650.39 in restitution--the original amount of restitution at the time of the sentencing hearing. Moore timely appeals.

## II.

## STANDARD OF REVIEW

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct.

App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (1994).

## III.

## ANALYSIS

"Restitution orders shall be entered by the court at the time of sentencing or such later date as deemed necessary by the court." I.C. § 19-5304(6). Section 19-5304(6) makes clear that "the court may need to grant the prosecution a *reasonable* amount of time *necessary* to gather information so as to locate all victims and correctly compute the amount of restitution." *State v. Jensen*, 149 Idaho 758, 762, 241 P.3d 1, 5 (Ct. App. 2010) (quoting *Ferguson*, 138 Idaho at 662, 67 P.3d at 1274).

Moore asserts the district court abused its discretion "by entertaining the State's tardy motion." He argues the district court did not act consistently with I.C. § 19-5304(6) because the additional time the district court granted the State was "not actually 'necessary.'" Moore reasons that the additional time was unnecessary because the district court's "finding that the victims were unable to provide the restitution documentation to the State within the [original] sixty-day deadline is not supported by substantial evidence."

We disagree that the district court abused its discretion. First, contrary to Moore's assertion, the district court did not find the victims were unable to provide the restitution documentation within the original deadline. Rather, the district court found that the CVCP information from the Industrial Commission "wasn't available" until after the deadline. Based on the context of the district court's comments, we understand this finding to mean that the State did not receive the CVCP information from the Industrial Commission until January 23--a fact to which Moore stipulated. Based on this fact, the State demonstrated additional time was necessary because the State had not received complete restitution information by the deadline. *See State v. Keys*, 160 Idaho 95, 97-98, 369 P.3d 313, 315-16 (Ct. App. 2016) ("The state may be

3

permitted to take a reasonable amount of time necessary to gather information in an effort to correctly compute the amount of restitution, but the state must demonstrate that the additional time was necessary.").

Second, Moore fails to cite any case law or other authority to support his suggestion that the district court must find the victims were unable to provide restitution information (versus the State had not yet received that information) within the court's original deadline before additional time under I.C. § 19-5304(6) is necessary. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Accordingly, Moore waived this issue on appeal.

Finally, the district court retained jurisdiction to modify the terms and conditions of its probation order, including the time within which the State could file a restitution motion. *See State v. Dorsey*, 126 Idaho 659, 661, 889 P.2d 93, 95 (Ct. App. 1995) (holding district court retained jurisdiction during probationary period to modify probation order regarding restitution). In *Dorsey*, the district court placed Dorsey on probation for five years and ordered the prosecutor to submit a restitution claim within thirty days. *Id.* at 660-61, 889 P.2d at 94-95. More than three months later, the prosecutor submitted a letter to Dorsey's attorney providing the restitution amount and requesting a response. *Id.* at 660, 889 P.2d at 94. Due to oversights, the prosecutor did not provide the letter to the district court until approximately twenty-nine months later. *Id.* After a hearing on the matter, the district court ordered Dorsey to pay restitution, and he appealed. *Id.* at 661, 889 P.2d at 995. On appeal, Dorsey argued "the prosecutor's failure to comply with the probation order precluded the district court from further exercising its discretion with regard to the question of restitution." *Id.* This Court rejected Dorsey's argument ruling that:

> Although the [probation] order specified that the prosecutor would establish the sums due and submit a claim to defense counsel and the court within thirty days, the order did not purport to limit the recovery of restitution nor impose any sanction for noncompliance on the part of the prosecutor. Following entry of this order, the court retained jurisdiction during the probationary period, with the authority to modify the terms and conditions of probation, pursuant to I.C. § 20-221.

*Id.*

As in *Dorsey*, the district court in this case was clearly within its discretion to modify its probation order to allow the State additional time to file its restitution motion. Nothing in the district court's probation order purported to limit the recovery of restitution or to impose any

sanction on the State for noncompliance with the order. The State demonstrated additional time was necessary, and when the district court modified its order to allow the additional time, Moore's case was not closed, but rather it remained ongoing and Moore remained on probation.

## IV.

## CONCLUSION

Accordingly, the district court did not abuse its discretion by considering the State's late filing and awarding restitution. The order of restitution is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.