**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 48651**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 7, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| KEGAN RAY KOLANDER, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order of restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant. Jacob L. Westerfield argued.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent. Kacey L. Jones argued.

_____

GRATTON, Judge

Kegan Ray Kolander appeals from the district court's order of restitution. Kolander argues the district court abused its discretion when it granted the State's amended motion for restitution. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Kolander was charged with four counts of grand theft by unauthorized control, Idaho Code § 18-2403(3), and three counts of burglary, I.C. § 18-1401, after using an acquaintance's financial transaction card without consent. Pursuant to a plea agreement, filed in January 2020, Kolander pled guilty to one count of grand theft by unauthorized control and one count of burglary. The State dismissed all remaining charges. The plea agreement included a provision wherein Kolander

1

agreed to pay restitution in an amount to be determined for all charged, uncharged, and dismissed conduct.

A sentencing hearing was held in March 2020. The district court sentenced Kolander to thirteen years with three years determinate for grand theft and ten years with three years determinate for burglary, with the sentences to run concurrently. The district court granted the State "a reasonable time, at least 30 days" to request restitution and left the issue open. Less than thirty days later, in April 2020, the State filed a motion for restitution in the amount of $2,707.65. A month later, in May 2020, the State filed an amended motion for restitution, requesting an additional $1,345.30 for "Wells Fargo-Financial Crimes Investigations."

Kolander filed an objection to the State's amended motion in July 2020, arguing that the district court had ordered that restitution be left open for thirty days, and that the amended motion was therefore untimely filed. A hearing was held in January 2021, where Kolander again argued that while he was willing to stipulate to the amount requested in the State's April 2020 motion for restitution, the amended motion filed a month later was untimely. The State argued that the failure to include the additional $1,345.30 was likely an oversight, and that the amount requested in the May 2020 amended motion for restitution had been fully disclosed to Kolander in March 2020, prior to sentencing.

The district court noted that Kolander did not dispute the merits of the additional amount requested in the State's amended motion, and that all documentation supporting the amount sought in the amended motion was available to the defendant prior to sentencing. Further finding that the amended motion was not "extremely delayed" and that the State's request was reasonable, the district court granted the State's amended motion. The district court subsequently entered an order of restitution in the amount of $4,052.95. Kolander timely appeals.

## II.

## ANALYSIS

Kolander argues that the district court abused its discretion when it granted the State's amended motion for restitution. Kolander does not dispute the merits of the amount requested by the State, rather, he argues that the district court did not act consistently with the applicable legal standards because the additional time to file the amended motion for restitution was not "necessary" under I.C. § 19-5304.

2

Idaho Code § 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). Thus, we will not overturn an order of restitution unless an abuse of discretion is shown. *Richmond*, 137 Idaho at 37, 43 P.3d at 796. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Kolander argues that the "district court abused its discretion by granting the State's late amended motion for restitution because the district court did not exercise reason and did not act consistently with the relevant legal standards." According to Kolander, because the State failed to show that the delay in filing the amended motion for restitution beyond the initial thirty days was necessary, the district court could not order the amount of restitution requested in the amended motion.

In support of this argument, Kolander cites to several cases, including *State v. Keys*, 160 Idaho 95, 369 P.3d 313 (Ct. App. 2016); *State v. Jensen*, 149 Idaho 758, 241 P.3d 1 (Ct. App. 2010); and *State v. Ferguson*, 138 Idaho 659, 67 P.3d 1271 (Ct. App. 2002). However, these cases are inapposite under the circumstances in this case. Idaho Code § 19-5304(6) states that "restitution orders shall be entered by the court at the time of sentencing or such later date as deemed necessary by the court." In *Ferguson*, although the State filed a restitution request one month after sentencing, the district court did not enter its restitution order until after the defendant was discharged from probation. This Court held that I.C. §19-5304 does not give a court authority to reopen a criminal case to order restitution after a defendant has been discharged from probation. *Ferguson*, 138 Idaho at 662, 67 P.3d at 1274. The jurisdictional limitation in *Ferguson* does not apply in this case.

*Jensen* dealt with a restitution order entered six years after the entry of the judgment of conviction imposing a determinate life sentence. After concluding that the timeframes set forth in

3

I.C. § 19-5304 are procedural in nature, the Court considered whether the district court acted within the bounds of its discretion by awarding restitution six years after the imposition of sentence. *Jensen*, 149 Idaho at 762, 241 P.3d at 5. This Court held that the district court did not act consistently with the applicable legal standards by doing so because it made no finding, and there was no evidence in the record, that the delay was reasonably necessary for processing the restitution request. *Id.* at 763, 241 P.3d at 6.

*Keys* involved a request for restitution five months after sentencing. The Court stated that although the State may be permitted to take a reasonable amount of time necessary to gather information in an effort to correctly compute restitution, the State must demonstrate that the additional time is necessary. *Keys*, 160 Idaho at 98, 369 P.3d at 316. Because the record in *Keys* was devoid of a finding by the district court that the delayed request was necessary, this Court held that the district court did not err in denying the request on that basis. *Id.*

In this case, unlike in *Jensen* and *Keys* and consistent with I.C. § 19-5304(6), at the time of sentencing, the district court determined that entry of the restitution order at a later date was necessary. Kolander does not dispute that determination. Rather, Kolander's complaint centers on the time between the State's original restitution request and its amended request, both of which were filed before the district court entered its restitution order. Kolander contends that the "State provided no reasonable justification for why the additional delay between the filing of the first motion for restitution and the amendment motion for restitution was necessary" and, absent such a justification, the district court abused its discretion in awarding more than the amount in the first motion. We disagree. The district court fairly determined that the delay of approximately thirty days between the initial and amended motions was not extreme, and granting the amount requested in the amended motion was reasonable considering that the correct total was known to both parties prior to sentencing and the error in the initial motion was due to a reasonable oversight.

Kolander essentially argues that the term "necessary" in I.C. § 19-5304(6) is limited solely to the minimum amount of time that the restitution information and documentation can be gathered and filed. Kolander's reading of I.C. § 19-5304(6) is far too narrow. A statute must be interpreted in accordance with its plain language. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). The plain language of I.C. § 19-5304(6) authorizes entry of a restitution order at "such later date as *deemed necessary by the court*." This language does not mean what is or could be necessary is limited to the amount of time the State requests or the court

4

authorizes at the time of sentencing. It is within the district court's discretion to allow additional time based on the circumstances, including inadvertence.

Moreover, Kolander has failed to show that any delay in filing the amended motion for restitution resulted in prejudice or harmed a substantial right. Any error that does not affect substantial rights must be disregarded. Idaho Rule of Civil Procedure 61.[1] In arguing that Kolander failed to show prejudice arising from the amended motion for restitution, the State notes that Kolander had not filed a response to the original motion when the amended motion was filed; he did not file a response to the amended motion for two months; he agreed to pay full restitution as part of his plea agreement; he received all relevant documentation relating to restitution prior to sentencing; and he does not dispute that the total amount, including the payment to Wells Fargo, should have been ordered. In response, Kolander contends that whether he was prejudiced by the amended motion is not preserved for appeal and, even if preserved, the lack of prejudice is "irrelevant." We reject both of Kolander's arguments.

Idaho's appellate courts, in both criminal and civil cases, have regularly considered whether a party's substantial rights were affected in determining whether an error should be disregarded as harmless. *See, e.g., Taylor v. McNichols*, 149 Idaho 826, 836, 243 P.3d 642, 652 (2010) (applying I.R.C.P. 61 to find harmless error in trial court's decision to take judicial notice); *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 504, 95 P.3d 977, 986 (2004) (citing I.R.C.P. 61 and explaining that the appellate court will not reverse the trial court if the alleged error is harmless); *State v. Morin*, 158 Idaho 622, 627, 349 P.3d 1213, 1218 (Ct. App. 2015) (applying Idaho Criminal Rule 52's harmless error standard to trial court err in denying motion to compel discovery); *State v. Alger*, 115 Idaho 42, 51, 764 P.2d 119, 128 (Ct. App. 1988) (citing I.C.R. 52 and concluding error in evidentiary ruling was harmless). Kolander does not explain why this well-established rule of appellate review would not apply in this case or how the issue of prejudice is not preserved. On the merits, for the reasons articulated by the State and set forth above,

---

[1] Although restitution orders may be entered in a criminal case as in this case, a restitution proceeding is, in essence, a civil proceeding distinct from the criminal case. *See State v. Wisdom*, 161 Idaho 916, 920, 393 P.3d 576, 580 (2017); *State v. Mosqueda*, 150 Idaho 830, 834, 252 P.3d 563, 567 (Ct. App. 2010); *see also* I.C. § 19-5305(1) (providing that restitution awards may be recorded and executed as a civil judgment). As such, it appears Idaho Rule of Civil Procedure 61's harmless error standard would apply. Even if the criminal rules apply, like I.R.C.P. 61, the harmless standard in Idaho Criminal Rule 52 requires the Court to disregard any error that does not affect substantial rights.

Kolander has failed to show any of his substantial rights were affected by the amended motion. As noted, both the initial and amended motions for restitution were filed before the restitution hearing and the amended motion did not ultimately delay the restitution order. As a result, any possible delay from the oversight did not harm a substantial right or result in prejudice to Kolander.

## III.

## CONCLUSION

The district court did not abuse its discretion in granting the State's amended motion for restitution. Therefore, we affirm the district court's order of restitution.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.