**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50915**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  April 23, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| THEODORE EDWARD MUSGROVE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael Reardon, District Judge.

Order denying I.C.R. 35(a) motion to correct an illegal sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Theodore Edward Musgrove pled guilty to enticing children over the internet and sexual abuse of a child under the age of sixteen years, Idaho Code §§ 18-1509A, 18-1506.  The district court imposed consecutive sentences of fifteen years with ten years determinate for the enticement conviction and twenty-five years indeterminate for the sexual abuse conviction.

Musgrove filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, asserting that his sentence is illegal because of a breach of the plea agreement.  Specifically, Musgrove argued that the district court's order of restitution was illegal because it breached the plea agreement, did not relate to the offense for which he was convicted, and there was no causal connection between Musgrove's criminal conduct and damages suffered by the victim.  The

1

district court denied Musgrove's motion, finding that Musgrove's sentence is not illegal. Musgrove appeals asserting that the district court erred in denying his Rule 35(a) motion.

In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *Clements*, 148 Idaho at 86, 218 P.3d at 1147; *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

An order of restitution is separate and apart from a criminal sentence. *State v. Straub*, 153 Idaho 882, 886, 292 P.3d 273, 277 (2013). Relief from a restitution order cannot be pursued by a motion to reduce or correct a sentence pursuant to Rule 35. *State v. Ferguson*, 138 Idaho 659, 661, 67 P.3d 1271, 1273 (Ct. App. 2002). Musgrove's challenge to the restitution order is not properly brought pursuant to Rule 35(a). Accordingly, the district court's order denying Musgrove's Rule 35(a) motion is affirmed.