Submitted December 2, 2019, reversed and remanded January 15, 2020

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

ALEX DAVID MURRAY LORENZO,
aka Alex David Murray,
*Defendant-Respondent.*

Clackamas County Circuit Court
18CR56002; A170384

459 P3d 268

The state appeals a trial court order dismissing the state's information charging defendant with attempted third-degree assault constituting domestic violence. The trial court dismissed the information under ORCP 55 G after the alleged victim disobeyed the state's subpoena and failed to appear at trial. *Held*: Although a crime victim has rights protected by the Oregon Constitution, the victim is not a "party" to a criminal proceeding; therefore, the trial court lacked authority under ORCP 55 G to dismiss the state's charging instrument.

Reversed and remanded.

Susie L. Norby, Judge.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for appellant.

No appearance for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeVORE, P. J.

Reversed and remanded.

**DeVORE, P. J.**

The state appeals a trial court order dismissing the state's information charging defendant with attempted third-degree assault constituting domestic violence. ORS 161.405; ORS 163.165.[1] The court dismissed the information under ORCP 55 G after the alleged victim, who had been subpoenaed by the state, failed to appear for trial. ORCP 55 G applies in criminal proceedings, ORS 136.600, and provides:

> "Disobedience to a subpoena or a refusal to be sworn or to answer as a witness may be punished as contempt by a court before whom the action is pending or by the judge or justice issuing the subpoena. *Upon hearing or trial, if the witness is a party and disobeys a subpoena or refuses to be sworn or to answer as a witness, such party's complaint, answer, or reply may be stricken.*"

(Emphasis added.) The state contends that the court erred in dismissing the information because the alleged victim was not a party in the case. Defendant does not appear on appeal. For the reasons explained below, we agree with the state and, accordingly, reverse and remand.

The relevant facts are few. The state charged defendant by information with attempted third-degree assault constituting domestic violence for attempting to cause physical injury to his stepfather. At the time set for trial, the prosecutor told the court that his office had received a call about 20 minutes earlier that the alleged victim—whom the state had subpoenaed—was unable to attend trial, but that the state was nonetheless prepared to proceed. Defendant—who had not subpoenaed the alleged victim—asked the court to dismiss the case or reset the trial date. He contended that the "alleged victim[] needs to be here," that "[h]e's under subpoena *** and if he is actually out of state or is on his way out of state and calls in and gives a false reason, he's clearly manipulating the system not wanting to be here, and I want him here to be questioned if the State's going to proceed, number one." And, "[n]umber two, *** without

---

[1] The legislature amended the third-degree assault statute, ORS 163.165, effective January 1, 2020. Or Laws 2019, ch 213, § 119. Because those amendments have no bearing on our analysis here, we cite that version.

him here they can't prove \*\*\* the fact that it's domestic violence."

The court called a recess, and the court and counsel discussed the issue further in chambers. After going back on the record, the prosecutor asserted that the court could not dismiss the information under ORCP 55 because the subpoenaed witness who did not appear was not a party to the case, and, therefore, the appropriate remedy was a "contempt proceeding, as opposed to anything \*\*\* happening to this case, such as a dismissal." Citing *State v. Baker/Jay*, 232 Or App 112, 221 P3d 749 (2009), *rev den*, 348 Or 280 (2010), the prosecutor argued that dismissing the information would punish the party issuing the subpoena, rather than further the purposes of the rule—to provide a mechanism for courts to compel a witness to appear or punish a witness for failure to appear. The prosecutor suggested that the court continue the matter, "then if [defendant] wishes to subpoena [the alleged victim] he can, and then \*\*\* we can deal with that at the next hearing of this trial, but everyone will be on notice as to the likelihood that he may not appear, and \*\*\* [defendant's] claims of prejudice and reliance on the State's subpoena won't be a basis for not pursuing with [or] without [the alleged victim]."

In response, defendant acknowledged that the alleged victim in a criminal case is not "technically a party," but asserted that all victims are "de facto parties" based on the "Victim's Rights Act," and renewed his request that the case be dismissed.

The trial court agreed with defendant, explaining:

> "When a court is presented with a contempt in its direct presence due to disobedience of a subpoena, it has discretion and authority to punish that contempt pursuant to ORCP 55 G, which applies in criminal cases under ORS 136.600 and *State v. Baker*, 232 Or App 112, particularly page 121, a 2009 case.
>
> "\* \* \* \* \*
>
> "\*\*\* [A] continuance in this context would penalize the defendant, not the victim. It would effectively condone the victim's choice not to appear, and require the defendant

to wait months longer for a decision in his criminal case, therefore the only form of penalty that would constitute a penalty at all, would be a criminal penalty for the disobedience. A defendant does have a constitutional right to confront his accuser, and although it is the State that files criminal charges, and not an individual, the constitution recognizes victims as having an elevated status, and vests them with considerable rights to counter balance those people who are accused of crimes. The victim is the face of the accuser in a criminal context.

"Today the defendant has emphasized his need to face and question his accuser, and has requested dismissal of the complaint to sanction the victim's disobedience at this subpoena. Under ORCP 55 G, disobedience to a subpoena *** may be punished as contempt by a court for whom the action is pending, or by the judge or justice issuing the subpoena.

"Upon hearing or trial if the witness is a party and disobeys his subpoena, or refuses to be sworn, or to answer as a witness, that party's complaint, answer, or reply may be stricken.

"*In the criminal context in which this applies under ORS 136.600, although the victim is not technically a party to the case, the victim's elevated constitutional status and inextricable connection to the State's decision to file criminal charges, makes them the equivalent of a party in a criminal case context.*

"*Complaints are not stricken as the language of ORCP 55 G invites, criminal cases are dismissed, rather than stricken, therefore the choice of the victim to disobey the subpoena today is properly sanctioned by dismissal of the State's complaint.*"

(Emphases added.) The court subsequently entered an order granting defendant's motion to dismiss the state's information without prejudice, triggering this appeal.

On appeal, the state contends that, as a matter of statutory construction, a victim is not a "party" for purposes of ORCP 55 G, and, therefore, the court erred in concluding that the rule authorized it to dismiss the state's charging instrument when the alleged victim in the case failed to comply with the state's subpoena. Moreover, the state asserts,

the trial court's interpretation of ORCP 55 G undermines the purposes of the rule.

We review the correctness of the trial court's interpretation of ORCP 55 G for legal error. *State v. Hunt*, 270 Or App 206, 210, 346 P3d 1285 (2015). As with any exercise of statutory construction, we examine the text and context of the rule and consider legislative history to the extent we deem appropriate. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (explaining methodology); *Pamplin v. Victoria*, 319 Or 429, 433, 877 P2d 1196 (1994) (rule of civil procedure "is a statute, to which we apply the usual method of statutory interpretation").

The second sentence of ORCP 55 G, upon which the trial court relied to dismiss the state's information, provides, "Upon hearing or trial, *if the witness is a party* and disobeys a subpoena or refuses to be sworn or to answer as a witness, such party's complaint, answer, or reply may be stricken." (Emphasis added.) By its plain terms, the provision applies only if the witness who disobeys a subpoena is a "party" to the case. The parties to a criminal case are described in ORS 131.025, which provides, "Except for offenses based on municipal or county ordinance, in a criminal action the State of Oregon is the plaintiff and the person prosecuted is the defendant." The statute does not include the victim of the alleged crime as an additional plaintiff. For purposes of ORS chapter 136 (governing criminal trials), the legislature has separately defined "victim," to mean,

> "the person or persons who have suffered financial, social, psychological or physical harm as a result of a crime and includes, in the case of a homicide or abuse of corpse in any degree, a member of the immediate family of the decedent and, in the case of a minor victim, the legal guardian of the minor. In no event shall the criminal defendant be considered a victim." [2]

ORS 131.007. *See also State v. Pelham*, 136 Or App 336, 341, 901 P2d 972 (1995), *rev den*, 323 Or 264 (1996) ("The only *parties* to a criminal prosecution are the state and the

---

[2] The statute provides an exception if a different definition "is otherwise specifically provided" or "the context requires otherwise"; we see no reason why that would have any application here.

defendant. Witnesses to and even victims of criminal activity are not 'parties.'" (Emphasis in original.)). Thus, text and context indicate that a victim is not a party for purposes of ORCP 55 G.

The trial court and defendant recognized as much. Nonetheless, the court reasoned that "the victim's elevated constitutional status and inextricable connection to the State's decision to file criminal charges, makes them the *equivalent* of a party in a criminal case context." (Emphasis added.) However, we find no support for that proposition. The court is correct that, in Oregon, a crime victim has rights protected by the constitution. *See* Or Const, Art I, §§ 42, 43 (enumerating those rights, including, among others, the right to be "present at" and "informed in advance of" any critical stage of a criminal proceeding; the right to obtain information about the conviction, sentence, imprisonment, criminal history, and release from custody of a criminal defendant; the right to restitution; the right to be consulted regarding plea negotiations involving violent felonies). None of those constitutional rights, however, purport to make the victim a *party* to the criminal action.[3] Nor does the statutory scheme enacted by the legislature to effectuate crime victims' constitutional rights, ORS 147.500 to 147.550, indicate the legislature's intent that a crime victim be treated as a party in criminal proceedings.

We also agree with the state that the trial court's interpretation cannot be squared with the purpose of the rule. *See Baker/Jay*, 232 Or App at 121 (explaining that the intent of the rule is to obtain the witness's appearance or punish a witness's noncompliance, or both). By dismissing the state's information because the alleged victim failed to appear, the court, in effect, "ratifie[d] the witness's noncompliance by permitting him to continue not to appear and, in effect, punish[ed] the party [that is, the state] who sought

---

[3] Both Article I, section 42, and the implementing statutes define "victim" for those purposes similarly to ORS 131.007—that is, as "any person determined by the prosecuting attorney or the court to have suffered direct financial, psychological or physical harm as a result of a crime and, in the case of a victim who is a minor, the legal guardian of the minor." Or Const, Art I, § 42(6)(c); ORS 147.500(13) (similar). As with ORS 131.007, there is no indication that a victim is also a party to a criminal proceeding.

the witness's testimony." *Id.* That is contrary to the purpose of the rule.

In sum, ORCP 55 G does not authorize a court to dismiss the state's charging instrument in a criminal case where, as here, the witness who disobeys the subpoena is not a party, but the victim of the alleged crime. The trial court erred in concluding otherwise.

Reversed and remanded.