**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46500**

| | |
|---|---|
| **STATE OF IDAHO,** ) | |
| ) | **Opinion Filed: February 24, 2020** |
| **Plaintiff-Respondent,** ) | |
| ) | **Karel A. Lehrman, Clerk** |
| **v.** ) | |
| ) | |
| **ROY CLINE JOHNSON,** ) | |
| ) | |
| **Defendant-Appellant.** ) | |
| ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Order of restitution, vacated.

Eric D. Fredericksen, State Appellate Public Defender; Kim A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

HUSKEY, Chief Judge

Roy Cline Johnson appeals from the district court's order of restitution. Johnson argues the district court lacked the jurisdiction to grant the motion for restitution because it was filed by the crime victim, who was not a party to the defendant's criminal case. Alternatively, Johnson contends the district court abused its discretion by ordering restitution after the statutory time expired and in determining the amount of restitution. The State responds by asserting that the district court had jurisdiction to order Johnson to pay restitution and did not abuse its discretion. Because the State was not seeking restitution on behalf of the crime victim and the victim did not have standing to file a restitution motion, the district court lacked authority to consider the motion. Thus, the order of restitution is vacated.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Johnson with felony aggravated driving under the influence of alcohol, Idaho Code § 18-8006, after Johnson struck a pedestrian while driving under the influence, causing injuries to the victim. The district court appointed a public defender to represent Johnson in the proceedings. Pursuant to a plea agreement, Johnson pled guilty to the offense. At the sentencing hearing, the State asked the district court to reserve the issue of restitution to give it additional time to determine the victim's economic loss as medical bills were still coming in and communications with insurance companies were ongoing. The district court sentenced Johnson to a period of confinement of ten years, with three years determinate, and reserved the matter of restitution for 180 days.

During the following eight months, the victim went through a period of homelessness and was incarcerated following a conviction for felony driving under the influence. The victim retained an attorney, Jeffrey McKinnie, to assist in seeking restitution and filing a civil action against Johnson. In mid-March, McKinnie filed a motion for preparation and copy of the judgment of conviction and motion for an order of restitution in Johnson's criminal case. The motion stated that negotiation attempts to resolve the victim's outstanding medical bills with Johnson's insurance company had been unsuccessful, but McKinnie believed obtaining a copy of Johnson's judgment of conviction would substantially assist the process. McKinnie noticed the motion for a hearing and included an affidavit from the victim stating as a result of the traumatic brain injury he incurred during the accident, he could not recall if the State had contacted him regarding restitution. McKinnie did not include Johnson or Johnson's counsel on the motion for restitution's certificate of service.

Six days later, the victim, represented by McKinnie, and Johnson formalized a civil settlement; the victim signed a release of all claims against Johnson in exchange for $100,000, which was paid by Johnson's insurance company. In the settlement, the victim recognized the injuries he sustained from the accident may be permanent and progressive, yet he released Johnson from liability for:

> any and all actions, causes of action, claims, demands, damages, costs, loss of services, expenses, compensation and all consequential damage on account of or in any way growing out of any and all known and unknown, present or future or unanticipated personal injuries and property damage resulting or to result.

McKinnie took an active part in the civil settlement and served as the notary public on the release.

Despite the civil settlement McKinnie brokered, he continued to pursue the restitution order on the victim's behalf. Neither Johnson nor the victim was transported to the scheduled restitution hearing, so the district court continued the hearing. The court directed McKinnie to prepare the appropriate transport orders. McKinnie prepared the orders and incorrectly indicated that he was the attorney for the defendant in the header and body of the documents. Like McKinnie's previous filing, he failed to include Johnson or his counsel on the certificates of service. Next, McKinnie filed a supplemental affidavit on behalf of the victim to reflect an increase in the medical costs incurred, now totaling more than $100,000.

Approximately three weeks later, and almost two months after McKinnie filed the initial motion for preparation and copy of the judgment of conviction and motion for an order of restitution, Johnson's court-appointed attorney filed an order to transport Johnson to the restitution hearing. However, Johnson's attorney did not have a copy of McKinnie's underlying motion and briefing related to the restitution request at that time; McKinnie provided Johnson with these documents the morning of the restitution hearing. The district court continued the hearing because the victim had not been transported.

At the next restitution hearing, Johnson, the State, the victim, and all relevant attorneys were present. At the onset, Johnson's counsel challenged the basis of the restitution hearing, objecting to the victim's standing to independently file motions within a criminal case without going through the prosecuting attorney's office. The State, in its sole moment of participation in the hearing, concurred:

> There is an issue of standing as far as the victim being able to file or petition the Court for their own restitution order separate and apart from anything done through the prosecutor's office. I think if we're just addressing that point, then I think [Johnson's attorney] has a valid point.

In response, McKinnie directed the district court's attention to Idaho Code § 19-5304(6) which states:

> Restitution orders shall be entered by the court at the time of sentencing or such later date as deemed necessary by the court. Economic loss shall be based upon the preponderance of evidence submitted to the court by the prosecutor, defendant, victim or presentence investigator. Each party shall have the right to present such evidence as may be relevant to the issue of restitution, and the court may consider such hearsay as may be contained in the presentence report, victim impact statement or otherwise provided to the court.

The court allowed the restitution hearing to go forward.[1]

McKinnie presented oral argument in support of the motion for restitution, arguing: (1) the civil settlement was solely to compensate for pain, suffering, and lost wages, not for medical bills incurred as a result of the offense, and (2) I.C. § 19-5304(2) precludes the court from considering the insurance payment in the restitution award. The district court requested additional briefing from Johnson and McKinnie regarding the court's ability to consider the insurance payment to the victim and whether Johnson objected to the victim's asserted amount of economic loss. The State did not participate in the additional briefing. After consideration, the district court held the civil settlement, release, and prior insurance payments did not limit the trial court's ability to award restitution equal to the full amount of the victim's medical economic loss. The court entered a restitution order for $101,665.64. Johnson timely appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). Over questions of law, this Court exercises free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

## III.

## ANALYSIS

Johnson argues the district court lacked jurisdiction to order restitution because neither the crime victim nor McKinnie had standing to independently file the underlying motion for restitution within Johnson's criminal case. Jurisdictional issues, such as standing, are questions of law. *Tucker v. State*, 162 Idaho 11, 17, 394 P.3d 54, 60 (2017). A court's jurisdiction has two components: jurisdiction of the subject matter of the proceeding and jurisdiction of the person.

---

[1] It is unclear from the appellate record whether the court held Idaho Code § 19-5304(6) gave the victim standing to file a restitution motion and present evidence of economic loss within a criminal case or whether the court determined the statute conferred independent judicial authority to order restitution, despite the presence of a standing issue.

4

*Hanson v. State*, 121 Idaho 507, 509, 826 P.2d 468, 470 (1992). Jurisdiction over the subject matter refers to the authority of the court to exercise judicial power over a particular class or type of dispute, *id.*, while jurisdiction over the person refers to the court's power to bring a person into its adjudicative process. *State v. Ambro*, 142 Idaho 77, 79, 123 P.3d 710, 712 (Ct. App. 2005).

"A criminal trial court is without subject matter jurisdiction or authority to order restitution unless provided by statute." *State v. Jensen*, 149 Idaho 758, 760, 241 P.3d 1, 3 (Ct. App. 2010). However, I.C. § 19-5304(2) grants trial courts the power to order a defendant who is found guilty of any crime to pay restitution to the victim if there is an economic loss as a result of the crime. Therefore, by statute, criminal trial courts are cloaked with subject matter jurisdiction relative to restitution orders. *State v. Keys*, 160 Idaho 95, 97, 369 P.3d 313, 315 (Ct. App. 2016).

However, the establishment of a court's subject matter jurisdiction over the type of action does not automatically confer personal jurisdiction over the people before it. *See Hanson*, 121 Idaho at 509, 826 P.2d at 470. In criminal matters, personal jurisdiction generally relates to the ability of a trial court to bring a defendant into the adjudicative process. Without personal jurisdiction the court has no person to which to hold accountable to for the crime alleged. *See State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). Although a court may gain personal jurisdiction when a *party* appears and submits to the court's jurisdiction, *id.*, a court generally lacks personal jurisdiction over individuals who are not parties, or have not been served by parties, to the action. *Hooper v. State*, 150 Idaho 497, 500, 248 P.3d 748, 751 (2011) (holding the district court lacked personal jurisdiction over the Idaho Industrial Commission in a criminal restitution action because the Commission was never a party to the action and had not been served with a summons and complaint, or submitted to the district court's jurisdiction).

Similarly, a court lacks jurisdiction to hear a case if a person does not have standing because the case or controversy requirement for judicial power cannot be satisfied. *Martin v. Camas Cty. ex rel. Bd. Comm'rs*, 150 Idaho 508, 512, 248 P.3d 1243, 1247 (2011). Standing issues may arise when a non-party attempts to make a motion to the trial court. *See State v. Draper*, 151 Idaho 576, 597, 261 P.3d 853, 874 (2011). In *Draper*, the Idaho Supreme Court found the district court's deferment to a procedural request by the presentence investigator troubling because "as the investigator was not a party to the case, he or she has no standing to

5

make a motion to the court. Simply put, it was not the investigator's role to request a different procedure for the [presentence investigation report]." *Id.*

Under Idaho's current statutory scheme, crime victims are not parties to a criminal case even for the limited purpose of seeking restitution and therefore lack standing to pursue a motion independently of a party. The Idaho Constitution provides "every action prosecuted by the people of the state as a party, against a person charged with a public offense, for the punishment of the same, shall be termed a criminal action." IDAHO CONST. art. V, § 1. This principle is echoed statutorily by I.C. § 19-104, which defines the State and the person charged as the only parties to criminal actions. At the core of these provisions is the belief that criminal prosecutions are public matters, sought by the State on behalf of its citizen, not contests between a defendant and a crime victim. *See State v. Gault*, 39 A.3d 1105, 1113 (Conn. 2012).

Although the Idaho Constitution enumerates a series of rights for crime victims, including the right "to restitution, as provided by law, from the person committing the offense that caused the victim's loss," it does not confer upon a crime victim the status of a party in a criminal proceeding.[2] IDAHO CONST. art. I, § 22. This is true, even when the proceeding involves a restitution order. Although restitution statutes vary from state to state, it is generally understood while crime victims are sometimes present and often represented by counsel, the government is still the only party to the case, other than the defense, and procedurally, the prosecutor requests restitution. Cortney E. Lollar, *What Is Criminal Restitution?*, 100 Iowa L. Rev. 93, 110 (2014). Idaho Code § 19-5304 does not depart from this long-standing principle. In the relevant provisions, I.C. § 19-5304 defines "victim" but does not define a crime victim as a party to the criminal proceedings, even for the limited purpose of seeking restitution.

As a crime victim is not a party to a criminal case, the victim cannot intervene in a defendant's criminal proceeding because, unlike Idaho Rule of Civil Procedure 24, the Idaho

---

[2] Similarly, other states have repeatedly held that a crime victim is not a party to a criminal case, despite having statutory and constitutional rights. *See State v. Lorenzo*, ___ P.3d ___, ___, 301 Or. App. 713, 718 (2020) (holding although crime victim has rights protected by state constitution, none of those rights purport to make victim party to criminal actions); *Cooper v. Dist. Court*, 133 P.3d 692, 705 (Alaska Ct. App. 2006) (noting distinction between protecting crime victims' procedural rights and allowing crime victims to participate as independent parties in criminal prosecution); *Lynn v. Reinstein*, 68 P.3d 415-417 (Ariz. 2003) (holding that even under liberal construction of state's constitution and victim rights statutes, victims are not parties to defendant's criminal case).

Rules of Criminal Procedure do not provide a process for intervention. The inability of non-parties to intervene in a criminal case recognizes that the considerations underlying intervention in a civil case are not applicable to a criminal proceeding. *See People v. Ham*, 734 P.2d 623, 625 (Colo. 1987).

No other rule, statute, or constitutional provision allows a crime victim to independently intervene within a defendant's criminal case. The Idaho Constitution bestows a crime victim with the right "[t]o restitution, as provided by law, from the person committing the offense that caused the victim's loss." IDAHO CONST. art. I, § 22(7). However, the Idaho Constitution does not provide a right for a victim *to seek* restitution by independently intervening within a defendant's criminal case.[3]

Because the Idaho Constitution gives crime victims the right "to restitution, as provided by law," additional statutory provisions further define the scope of restitution. Relevant here, I.C. 19-5304(6) provides:

> Restitution orders shall be entered by the court at the time of sentencing or such later date as deemed necessary by the court. Economic loss shall be based upon the preponderance of evidence submitted to the court by the prosecutor, defendant, victim or presentence investigator. Each party shall have the right to present such evidence as may be relevant to the issue of restitution, and the court may consider such hearsay as may be contained in the presentence report, victim impact statement or otherwise provided to the court.

This language is unambiguous; while a crime victim may *submit* evidence to calculate possible economic losses as a result of the defendant's actions, only the parties have the right to file motions, *present* such evidence, and seek the amount of restitution submitted. Therefore, restitution sought by a motion filed by a non-party within the criminal proceeding is not a process "as provided by law." Instead, a party must file the motion for restitution for a trial court to have the authority to entertain it.

The State seeking restitution on behalf of crime victims has consistently been the practice in Idaho. *See Keys*, 160 Idaho at 96, 369 P.3d at 314 (State submitted affidavit for restitution and district court ordered restitution); *State v. Cottrell*, 152 Idaho 387, 390, 271 P.3d 1243, 1246 (Ct. App. 2012) (State sought restitution and, after arguments from both parties, court ordered

---

[3] In recent legislative sessions, efforts to amend the Idaho Constitution to explicitly grant crime victims standing to assert their rights have failed. *See* S.J. Res. 102, 2019 Leg., 65th Sess. (2019); H.J. Res. 8, 2018 Leg., 64th Sess. (2018).

7

restitution); *State v. Hill*, 154 Idaho 206, 211, 296 P.3d 412, 417 (Ct. App. 2012) (State filed request for order of restitution and presented evidence of victim's evidentiary losses at evidentiary hearing); *State v. Gonzales*, 144 Idaho 775, 776-77, 171 P.3d 266, 267-68 (Ct. App. 2007) (State argued victim was entitled to restitution at sentencing hearing and, later, filed motion for restitution after crime victim requested restitution in victim impact statement included in presentence investigation report); *State v. Taie*, 138 Idaho 878, 879, 71 P.3d 477, 478 (Ct. App. 2003) (State requested order of restitution and presented victim's testimony of economic loss and letter from insurer to support claim). This preserves the nature of criminal proceedings as a process between the State and the defendant, while protecting a crime victim's right to a restitution amount that is properly commensurable to the economic loss caused by the defendant's criminal actions.

Allowing a non-party to intervene in a defendant's criminal proceeding would bring complicated consequences, including the potential to undermine the critical and distinct role of the prosecutor. Unlike private counsel, a prosecutor has the unique role as "a minister of justice and not simply that of an advocate." Idaho Rules of Professional Conduct, 3.8 cmt.1. While a prosecutor has a duty to communicate with the crime victim, *see* IDAHO CONST. art. I, § 22, "[t]he prosecutor generally serves the public and not any particular government agency, law enforcement officer or unit, witness or victim." ABA Standard 3-1.3. In the context of a restitution hearing, a prosecutor may seek a restitution order primarily to assist crime victims. *See State v. Olpin*, 140 Idaho 377, 378, 93 P.3d 708, 709 (Ct. App. 2004). However, because restitution may fulfill deterrent or rehabilitative purposes, a prosecutor may additionally pursue restitution for the benefit of the State. *See id.* By allowing a crime victim to independently intervene in a criminal proceeding to seek restitution, any consideration of interests outside the victim's own may be subverted. The constitutional and statutory rights provided to crime victims do not mean a crime victim has the authority to usurp the prosecutor's distinct position within a criminal case. *See Lindsay R. v. Cohen*, 343 P.3d 435, 437-38 (Ariz. Ct. App. 2015) (holding that allowing counsel for crime victim to file memorandums of law and conduct restitution hearing would impermissibly transform criminal sentencing function into civil damages trial).

Further, allowing counsel for a crime victim to file a motion for restitution within a criminal case and present the State's case for restitution without the support of the prosecutor's

office may give rise to significant conflicts of interest and due process concerns. A defendant's right to due process may be violated when a person who is a victim of the crime or who has a personal, financial, or attorney-client relationship with the victim of the crime prosecutes the criminal case. *See People v. Calderone*, 573 N.Y.S.2d 1005, 1009 (N.Y. Crim. Ct. 1991). As a result, it is generally recognized that "[a] private attorney who is paid by, or who has an attorney-client relationship with, an individual or entity that is a victim of the charged crime . . . should not be permitted to serve as prosecutor in that matter." ABA Standard 3-2.1(c). This reflects a concern that self-serving motivations may underlie an attorney's pursuit of both a civil settlement and a criminal restitution order to compensate a client for the same economic loss, particularly where the attorney has a financial stake in the outcome of the proceedings.

This concern is ameliorated when the State is tasked with protecting the interests of the non-party victim. Moreover, the State must weigh many factors when determining whether to pursue restitution on behalf of a crime victim. The prosecutor, as a representative of the state and the people, is fully capable of bringing to the court's attention any and all matters that might possibly bear on a sentencing decision. *See Ham*, 734 P.2d at 626. Many of the facts in this case may explain the State's reticence to participate in the unorthodox process and amply demonstrate why it is inappropriate for a crime victim to usurp the State's considerations and independently intervene within a defendant's criminal case to pursue a restitution order.

Here, McKinnie did not simply submit evidence of economic loss for the district court's consideration as provided for by I.C. § 19-5304(2) and ask the State to pursue restitution. Instead, McKinnie presented the motion for restitution independently of the parties to the proceeding. McKinnie filed the motion for restitution and noticed the motion for hearing, but failed to provide notice to Johnson or Johnson's counsel. McKinnie filed transport orders for Johnson and the victim, incorrectly indicating he was Johnson's attorney, presented oral argument at the restitution hearing, and submitted post-hearing briefing in support of his motion for restitution. None of these actions were made in consultation with, or on behalf of, the prosecutor's office. Further, McKinnie pursued restitution after brokering a civil settlement that released Johnson from any additional financial responsibility. Additionally, at the restitution hearing, the victim, through McKinnie, conceded he had not paid any of his medical bills with the insurance settlement, the insurance company had not attempted to recover its expenses from the victim through a lien, and the insurance company had not subrogated its claims to seek

9

reimbursement from Johnson. As such, the victim had suffered no actual economic loss, nor was he likely to.

Here, the crime victim did not have standing because he was not a party in Johnson's criminal case and had no right to intervene in the proceedings. Therefore, the motion for restitution was not properly before the district court and so it was error for the district court to consider it.

The State argues I.C. § 19-5304(2) vests the trial court with jurisdictional authority to order restitution within a criminal case independent of a filing by a party and therefore, the validity of the court's order of restitution order does not hinge on whether the crime victim had standing to file a restitution order. This is incorrect for two reasons. First, the district court's order of restitution is discretionary; the court can determine whether to order restitution and in what amount. *State v. Weaver*, 158 Idaho 167, 170, 345 P.3d 226, 229 (Ct. App. 2014). Second, if the district court orders restitution, restitution can only be ordered "for any economic loss which the victim actually suffers." I.C. § 19-5304. However, even if the statute was mandatory and not discretionary, in this case the district court acted solely on the motion of the non-party victim, not on its independent authority. Therefore, while I.C. § 19-5304(2) vests the trial court with subject matter jurisdiction to order restitution, the court must act "as provided by law," which it did not do in this case.

Because the third party did not have standing to intervene, the district court also erred in finding good cause to extend the time in which the motion could be filed. Because no good cause was established by the State, the district court erred in finding the motion was timely filed.

Even if this Court could overlook the unique procedural posture of the underlying proceedings in this case, based on the representations of McKinnie, there is simply no economic loss suffered by the victim. Idaho Code § 19-5304(2) limits restitution to "any economic loss which the victim actually suffers." Here, the victim had not spent any money out-of-pocket to pay medical bills, and at the time of the restitution hearing, none of the providers had sought to execute a lien against the victim for his non-payment. As such, at the time of the hearing, the victim had suffered no economic loss entitling him to restitution.

Because we vacate the order of restitution on this ground, we need not address whether the district court erred in considering the motion outside the 180-day time period, whether McKinnie was precluded from pursuing the restitution request in the criminal case based on the

10

language of the civil settlement and McKinnie's financial interest in the outcome, or whether the amount of restitution awarded in the criminal case should be offset by the amount of the civil settlement.

## IV.

## CONCLUSION

Although crime victims have a right to restitution in a criminal case, a crime victim is not a party to a criminal case and does not have an independent right to intervene in a defendant's criminal case. Because the district court's restitution order was based on a motion filed by a non-party and because there was no evidence the victim suffered any actual economic loss, the order of restitution constituted an abuse of discretion. Accordingly, the order of restitution is vacated.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.