# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48550

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: March 31, 2022** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| JACOB LOREN NEMOEDE-MAYNARD, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Appeal, <u>dismissed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Jacob Loren Nemoede-Maynard appeals from his judgment of conviction for compounding a felony, Idaho Code § 18-1601, challenging the district court's order denying his motion to dismiss. Nemoede-Maynard was originally charged with failing to annually register as a sex offender, a felony. Nemoede-Maynard argues the district court erred when it denied his motion to dismiss the charge because designating the failure to annually register as a sex offender as a felony offense allows for cruel and unusual punishment under I.C. § 18-8311(1). Because Nemoede-Maynard lacks standing to challenge the constitutionality of I.C. § 18-8311(1), this Court lacks subject matter jurisdiction. Accordingly, we dismiss Nemoede-Maynard's appeal.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2019, law enforcement was informed that Nemoede-Maynard failed to complete his annual sex offender registration as required by the Sex Offender Registration Notification and Community Right-to-Know Act ("SORA"). Two officers responded to Nemoede-Maynard's residence, and Nemoede-Maynard admitted that he was late to file his annual sex offender registration. The State charged Nemoede-Maynard with failure to register annually, I.C. § 18-8307, and Nemoede-Maynard entered a not guilty plea. The State subsequently amended the information to include a persistent violator enhancement, I.C. § 19-2514.

Nemoede-Maynard filed a motion to dismiss, arguing that subjecting individuals to a felony-level offense for failing to annually register as a sex offender subjects them to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I §§ 6 and 18 of the Idaho Constitution. Nemoede-Maynard's argument rested on the assertion that the annual registration was merely an administrative act and that criminalizing the failure to complete that act subjects individuals to punishment not fitting the crime. The district court held a hearing on the motion, and Nemoede-Maynard argued that his ongoing registration as a sex offender and the punishment set forth in I.C. § 18-8311(1) for failing to annually register subjected him to cruel and unusual punishment for his underlying offense.

The district court denied the motion, explaining that the Idaho Supreme Court has articulated that the registration requirement is not a punishment, but rather is an administrative requirement. Even though a violation of the requirement has been designated as a felony offense, because the underlying registration requirement is not a punishment, the Eighth Amendment is inapplicable. Nemoede-Maynard entered a conditional *Alford*[1] plea to an amended charge of compounding a felony, I.C. § 18-1601(2), reserving the right to appeal the district court's denial of his motion to dismiss. Nemoede-Maynard timely appeals.

# II.

## STANDARD OF REVIEW

Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004).

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

## III.

## ANALYSIS

On appeal, Nemoede-Maynard contends that I.C. § 18-8311, which provides the penalty for failure to register (the offense with which he was originally charged), constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article I, § 6 of the Idaho Constitution.

This Court does not have jurisdiction to rule on the merits of Nemoede-Maynard's appeal. Although neither party has raised the issue of standing, "[j]urisdictional questions are fundamental issues that this Court must address regardless of whether the parties themselves have raised them." *State v. Johnson*, 152 Idaho 41, 47, 266 P.3d 1146, 1152 (2011). Jurisdictional issues, such as standing, are questions of law. *State v. Johnson*, 167 Idaho 454, 457, 470 P.3d 1263, 1266 (Ct. App. 2020).

The Eighth Amendment prohibits the *infliction* of cruel and unusual punishments, not the mere possibility that those punishments could be imposed. *State v. Joslin*, 145 Idaho 75, 85, 175 P.3d 764, 774 (2007). Nemoede-Maynard was not convicted under I.C. § 18-8307 or sentenced under I.C. § 18-8311 for failure to register, but rather, he was convicted under I.C. § 18-1601 for compounding a felony. A person challenging the constitutionality of a statute must demonstrate some injury from the unconstitutional aspect of the statute. *State v. Clark*, 88 Idaho 365, 376-77, 399 P.2d 955, 962 (1965) ("It is a fundamental principle of constitutional law that a person can be heard to question the constitutionality of a statute only when and insofar as it is being, or is about to be, applied to his disadvantage. It follows that one may not urge the unconstitutionality of a statute who is not harmfully affected by the particular feature of the statute alleged to be in conflict with the constitution.").

Because Neomode-Maynard was not convicted of violating I.C. § 18-8307 and, thus, not sentenced under I.C. § 18-8311, he was not harmfully affected by that statute and consequently, he lacks standing to challenge the statute. Because Nemoede-Maynard lacks standing, we do not have jurisdiction to address the merits of his appeal. *See, e.g., Johnson*, 167 Idaho at 457, 470 P.3d at 1266 (ruling court lacks jurisdiction where defendant has no standing). Therefore, we dismiss Nemoede-Maynard's appeal.

## IV.
## CONCLUSION

We do not have jurisdiction to consider the merits of Nemoede-Maynard's appeal. Thus, we dismiss Nemoede-Maynard's appeal.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.