**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49794**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 7, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **SUBSTITUTE OPINION** |
| PATRICK D. BATTENFELDER, | ) **THE COURT'S PRIOR OPINION** |
| | ) **DATED MARCH 8, 2023,** |
| Defendant-Appellant. | ) **IS HEREBY WITHDRAWN** |
| | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Order for restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Patrick D. Battenfelder appeals from an order for restitution. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Battenfelder entered into a plea agreement with the State and pled guilty to felony malicious injury to property for damaging a vehicle. According to his plea agreement, Battenfelder "agree[d] to pay restitution for all charged, uncharged, and dismissed conduct in this case or in any case dismissed by the terms of this offer in an amount to be determined or in the amount of $ TBD." The State initially sought $1,000.00 in restitution to the victim and $7,831.80 to the

1

victim's insurer.  Battenfelder objected and the district court set an evidentiary hearing to determine restitution.

At the hearing, the State presented testimony from the victim and a claims manager from the victim's insurer.  According to the claims manager, the estimated cost to repair the vehicle was $10,411.18.  The claims manager explained that the insurance company decided to declare the vehicle a total loss rather than pay to repair the vehicle because, at the time of making the decision, the vehicle's estimated salvage value made totaling the vehicle the better option.  Ultimately, the salvage value was less than estimated, leaving the insurance company with a net cost of $13,182.38 for totaling the vehicle.  During his argument, Battenfelder noted that he was represented by the public defender's office, which showed that the district court had "previously found him indigent." The district court ordered restitution in the amount of $1,500.00 to the victim and $13,182.38 to the victim's insurer, for a total of $14,682.38.  Battenfelder appeals.

## II.

## STANDARD OF REVIEW

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime.  The decision whether to order restitution, and in what amount, is within the discretion of a trial court.  *State v. Torrez*, 156 Idaho 118, 119, 320 P.3d 1277, 1278 (Ct. App. 2014); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989).  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court:  (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason.  *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Battenfelder asserts the district court "did not exercise reason" in awarding restitution because, according to Battenfelder, the district court failed to give "sufficient weight to [certain information] that rendered the full amount 'inappropriate or undesirable.'"  (Quoting I.C. § 19-5304(2)).  The State responds that "the district court acted well within its discretion."  We hold that Battenfelder has failed to show error.

2

Before addressing Battenfelder's challenge to the order for restitution, we consider to what extent, if any, he waived the challenge when pleading guilty. As part of Battenfelder's plea agreement, he agreed to pay restitution "in an amount to be determined or in the amount of $ TBD." On appeal, Battenfelder does not challenge the district court's determination that the victim and the victim's insurer actually incurred a total of $14,682.38 in costs. Instead, Battenfelder's argument on appeal concerns the propriety of the district court awarding this amount. Whether Battenfelder waived this argument depends on the scope of his plea agreement. Because plea agreements are contractual in nature, they are generally examined in accordance with contract law standards. *State v. Taylor*, 157 Idaho 369, 372, 336 P.3d 302, 305 (Ct. App. 2014). As with other types of contracts, the interpretation of unambiguous terms and the legal effect of the plea agreement are questions of law to be decided by the appellate court. *Id.*

A plea agreement can waive a challenge to the propriety of awarding restitution. *See State v. Foeller*, 168 Idaho 884, 888, 489 P.3d 795, 799 (2021). In *Foeller*, the plea agreement provided that the defendant would "pay restitution/reimbursement: If applicable per statute: for all charges, even those dismissed." *Id.* (brackets omitted). The Idaho Supreme Court held that, by including the words "per statute," the plea agreement incorporated "the statutory factors for assessing restitution." *Id.* Consequently, the defendant did not waive consideration of the factors listed in I.C. § 19-5304(2), which allows restitution for a victim of a crime. *Foeller*, 168 Idaho at 888, 489 P.3d at 799. Here, by contrast, the restitution clause in Battenfelder's plea agreement does not refer to a statute or otherwise require restitution to be awarded in compliance with a restitution statute.

Although the State has not advanced an argument on appeal that Battenfelder waived his restitution challenge based on the plea agreement, we are not constrained by the State's failure to do so. We recognized that the Idaho Supreme Court has held that the State may forfeit an appellate waiver by failing to raise the applicability of the waiver. *State v. Haws*, 167 Idaho 471, 475, 472 P.3d 576, 580 (2020). However, unlike an appeal waiver, failing to enforce a defendant's waiver of a restitution issue will impact others--not merely the State. While restitution in a criminal case is requested by the State, it is paid to the *victim* of a crime as defined by statute in accordance with the victim's constitutional right to restitution. *See* IDAHO CONST. ART. I, § 22; I.C. § 19-5304(2); *State v. Johnson*, 167 Idaho 454, 458, 470 P.3d 1263, 1267 (Ct. App. 2020). Because the waiver

3

of the restitution issue contained in Battenfelder's plea agreement does not exclusively benefit the State, we are not bound by the State's failure to invoke it. This is especially so when, as here, the third-party beneficiary of the waiver lacks an avenue to enforce it in the criminal case. Although ordered in connection with a criminal case, restitution is sought in an ancillary civil proceeding distinct from the criminal case. *See State v. Mosqueda*, 150 Idaho 830, 834, 252 P.3d 563, 567 (Ct. App. 2010). Preservation rules are "not inflexible" in civil cases in certain circumstances. *Carver v. Hornish*, 171 Idaho 118, 124, 518 P.3d 1175, 1181 (2022). This case presents such a circumstance. Despite the constitutional footing of restitution, crime victims lack a procedural vehicle to pursue this right and must rely upon the State to obtain an order for restitution. *Johnson*, 167 Idaho at 458, 470 P.3d at 1267 (holding that a crime victim lacked standing to file a motion for restitution). In light of the victim's constitutional rights, this Court may disregard the State's oversight in failing to assert the applicability of an unambiguous waiver of restitution like the one included in Battenfelder's plea agreement.

We hold that the restitution clause of the plea agreement is unambiguous and that, based on the plain language, Battenfelder agreed that some amount of restitution was appropriate. Consequently, to the extent Battenfelder contends the district court erred by ordering him to pay restitution in an amount greater than zero, his argument is waived. However, this determination does not conclude our inquiry. The issue of whether the district court erred in determining he should pay a total of $14,682.38 in restitution remains.

Battenfelder asserts the district court "should have given greater weight" to his counsel's comment that Battenfelder was represented by the public defender's office and "should have given more weight" to the insurance company's "decision to total rather than repair" the vehicle "and its resulting higher net loss." Idaho Code Section 19-5304(2) provides that the trial court "shall order a defendant found guilty of any crime which results in economic loss to the victim to make restitution to the victim" unless the trial court determines a restitution order would be "inappropriate or undesirable." The policy favoring full compensation to crime victims who suffer economic loss and the factors in I.C. § 19-5304(7) guide a trial court's decision to order restitution. *Torrez*, 156 Idaho at 119, 320 P.3d at 1278; *Bybee*, 115 Idaho at 543, 768 P.2d at 806. These factors include the amount of the victim's economic loss; the defendant's financial resources, needs, and earning ability; and such other factors as the trial court deems appropriate. I.C.

4

§ 19-5304(7).  In considering these factors, a trial court is "free to weigh the evidence."  *State v. Garcia*, 170 Idaho 708, 714, 516 P.3d 578, 584 (2022).  Battenfelder's arguments merely invite this Court to reweigh the information presented to the district court, which we will not do on appeal.  Consequently, Battenfelder has failed to show that the district court erred in awarding restitution of $1,500.00 to the victim and $13,182.38 to the victim's insurer.

## IV.
## CONCLUSION

Battenfelder waived the argument he asserts on appeal and, in any event, he has failed to show the district court erred in awarding restitution.  Accordingly, the order for restitution is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.