**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49302**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 21, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **SUBSTITUTE OPINION** |
| ROBERT KENNETH WILDE, | ) **THE COURT'S PRIOR OPINION** |
| | ) **DATED MARCH 8, 2023,** |
| Defendant-Appellant. | ) **IS HEREBY WITHDRAWN** |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order for restitution, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

Robert Kenneth Wilde appeals from an order requiring him to pay restitution. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Wilde pled guilty to trafficking in heroin. According to his plea agreement, he "agree[d] to pay restitution for all charged, uncharged, and dismissed conduct in this case or in any case dismissed by the terms of this offer in an amount to be determined or in the amount of $ TBD." At the sentencing hearing, the State sought $5,900.26 in restitution for its investigation efforts. Wilde represented that he had no objection to the costs of the "lab fees," which amounted to $291, but asked that the remaining amount of restitution be determined later. Accordingly, the district court ordered $291 in restitution and set a hearing to determine the

1

remaining portion of the State's restitution request. The district court imposed a unified thirty-year sentence, with a minimum period of confinement of ten years, and a fine of $15,000.

At the restitution hearing, the State presented testimony from an officer who testified regarding the value of his time spent on the case. The State also presented evidence of time spent by three other officers. The district court found that the costs associated with the testifying officer's efforts amounted to $2,806.40 but that the State had not presented substantial evidence supporting the costs associated with the three other officers. The district court entered an amended order for restitution totaling $3,097.40. Wilde appeals.

## II.

## STANDARD OF REVIEW

Restitution for costs incurred by law enforcement agencies in cases involving a conviction for a drug offense is discretionary. I.C. § 37-2732(k); *State v. Nelson*, 161 Idaho 692, 695, 390 P.3d 418, 421 (2017). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Wilde asserts the district court erred in awarding the $2,806.40 in restitution associated with the testifying officer's work related to Wilde's case. Specifically, Wilde asserts it was error to award this amount of restitution "in light of the substantial fine and lengthy prison sentence already imposed, and his lack of assets and earning potential for the foreseeable future." The State responds that the district court did not err because it considered the relevant factors and that the record indicates Wilde is employable. We hold that Wilde waived the argument he asserts on appeal and that, even if considered, he has failed to show error.

Idaho Code Section 37-2732(k) authorizes restitution for costs incurred by law enforcement agencies in cases involving a conviction for a drug offense. We defer to a trial court's determination of the amount of expenses actually incurred by a law enforcement agency if

supported by substantial evidence. *Nelson*, 161 Idaho at 695, 390 P.3d at 421. When deciding whether restitution is proper, a trial court examines a variety of factors. *Id.* at 697, 390 P.3d at 423. Thus, there are two components to a trial court's restitution decision under I.C. § 37-2732(k): (1) what amount was actually incurred, and (2) whether it is proper to award any of that amount. *See Nelson*, 161 Idaho at 697, 390 P.3d at 423.

As part of Wilde's plea agreement, he agreed to pay restitution "in an amount to be determined or in the amount of $ TBD." On appeal, however, Wilde "does not challenge the district court's determination that [the law enforcement agency] actually incurred investigation costs of $2,806.40." Instead, his argument on appeal concerns the propriety of the district court awarding this amount. Nonetheless, Wilde asserts that his plea agreement "did not operate to waive his right to appeal whether the district court adequately considered the relevant statutory factors." Whether Wilde waived this argument depends on the scope of his plea agreement. Because plea agreements are contractual in nature, they generally are examined by courts in accordance with contract law standards. *State v. Taylor*, 157 Idaho 369, 372, 336 P.3d 302, 305 (Ct. App. 2014). As with other types of contracts, the interpretation of unambiguous terms and the legal effect of the plea agreement are questions of law to be decided by the appellate court. *Id.*

In support of Wilde's assertion that he did not waive the argument he now raises on appeal, he relies on *State v. Foeller*, 168 Idaho 884, 489 P.3d 795 (2021). In *Foeller*, the plea agreement provided that the defendant would "pay restitution/reimbursement: If applicable per statute: for all charges, even those dismissed." *Id.* at 888, 489 P.3d at 799 (brackets omitted). The Idaho Supreme Court held that, by including the words "per statute," the plea agreement incorporated "the statutory factors for assessing restitution." *Id.* Consequently, the defendant did not waive consideration of the factors listed in I.C. § 19-5304(2), which allows restitution for a victim of a crime. *Foeller*, 168 Idaho at 888, 489 P.3d at 799. The restitution clause in Wilde's plea agreement does not refer to a statute or otherwise require restitution to be awarded in compliance with a restitution statute.

Although the State has not advanced an argument that Wilde waived his restitution challenge based on the plea agreement, he raised the issue as discussed above. Moreover, we are not constrained by the State's failure to assert the waiver. We recognize that the Idaho Supreme Court has held that the State may forfeit an appellate waiver by failing to raise the applicability of

3

the waiver. *State v. Haws*, 167 Idaho 471, 475, 472 P.3d 576, 580 (2020). However, unlike an appeal waiver, failing to enforce a defendant's waiver of a restitution issue will impact others--not merely the State. While restitution in a criminal case is requested by the State, it is paid to the *victim* of a crime as defined by statute in accordance with the victim's constitutional right to restitution. *See* IDAHO CONST. ART. I, § 22; I.C. § 19-5304(2); *State v. Johnson*, 167 Idaho 454, 458, 470 P.3d 1263, 1267 (Ct. App. 2020). Because the waiver of the restitution issue contained in Wilde's plea agreement does not exclusively benefit the State, we are not bound by the State's failure to invoke it. This is especially so when, as here, the third-party beneficiary of the waiver lacks an avenue to enforce it in the criminal case. Although ordered in connection with a criminal case, restitution is sought in an ancillary civil proceeding distinct from the criminal case. *See State v. Mosqueda*, 150 Idaho 830, 834, 252 P.3d 563, 567 (Ct. App. 2010). Preservation rules are "not inflexible" in civil cases in certain circumstances. *Carver v. Hornish*, 171 Idaho 118, 124, 518 P.3d 1175, 1181 (2022). This case presents such a circumstance. Despite the constitutional footing of restitution, crime victims lack a procedural vehicle to pursue this right and must rely upon the State to obtain an order for restitution. *Johnson*, 167 Idaho at 458, 470 P.3d at 1267 (holding that a crime victim lacked standing to file a motion for restitution). In light of the victim's constitutional rights, this Court may disregard the State's oversight in failing to assert the applicability of an unambiguous waiver of restitution like the one included in Wilde's plea agreement.

We hold that the restitution clause of Wilde's plea agreement is unambiguous and that, based on the plain language, the only unresolved aspect of restitution was the amount--a determination that Wilde does not challenge on appeal. Consequently, Wilde waived consideration of whether the district court erred in determining that it was proper to award $2,806.40 in restitution for the investigating officer's work on Wilde's case.

Even if the merits of Wilde's argument are considered, he has failed to show error. In determining whether restitution is proper, factors to consider include other fines imposed, victim restitution, assets, and previous and prospective earning abilities. *Nelson*, 161 Idaho at 697, 390 P.3d at 423. Where relevant, the factors set forth under the general restitution statute, I.C. § 19-5304, may also be considered. *Nelson*, 161 Idaho at 697, 390 P.3d at 423. One of the factors to consider under I.C. § 19-5304 is the financial resources, needs, and earning ability of the

4

defendant. I.C. § 19-5304(7). However, the defendant's immediate inability to pay restitution shall not be, in and of itself, a reason to not order restitution. I.C. § 19-5304(7). Under I.C. § 19-5304(7), inability to pay neither precludes nor limits a restitution award; rather, ability to pay is only one factor for a trial court's consideration when it makes a discretionary restitution determination. *State v. Olphin*, 140 Idaho 377, 379, 93 P.3d 708, 710 (Ct. App. 2004). Restitution in contemplation of future ability to pay is appropriate. *Id.* at 380, 93 P.3d at 711.

Wilde asserts the district court abused its discretion in ordering $2,806.40 in restitution "in light of the substantial fine and lengthy prison sentence already imposed, and his lack of assets[1] and earning potential for the foreseeable future." Wilde notes that he was thirty-eight-years old at the time of the restitution hearing and that, given his sentence, "his earning potential will have vastly decreased by the time he is released, even if he is paroled in ten years." Wilde further argues that, if not paroled, "he will likely have to use his social security to pay the restitution." As the State notes, however, the district court considered Wilde's sentence, fine, and lack of employment "immediately before the arrest." The district court also stated that it reviewed Wilde's presentence investigation report (PSI), which contained information that he had not had "legitimate income since 2019," indicating a lack of assets. On the other hand, the PSI report also referenced Wilde's past employment in carpentry and construction, with wages of up to $28 per hour. The district court found that Wilde has "some employability [sic] skills" and that, during his incarceration, he could potentially "qualify for work release or other work programs." In essence, Wilde's argument is nothing more than a request for this Court to reweigh the evidence considered by the district

---

[1]     In support of Wilde's assertion that he lacked assets, he provides three citations to the record. The first citation is to an assertion by Wilde's counsel while arguing at the restitution hearing that Wilde "has no assets anymore." This unsworn assertion during argument is not evidence. *See Nelson*, 161 Idaho at 697, 390 P.3d at 423. Next, Wilde cites to his affidavit in support of his request for counsel in connection with this appeal, in which Wilde averred that he was indigent and lacked various assets. This affidavit, however, postdates the restitution hearing and, consequently, was not available to the district court. Because it was not available to the district court at the time it made its decision, we do not consider it on appeal. *See State v. Fox*, 170 Idaho 846, 862, 517 P.3d 107, 123 (2022) (declining on appeal to consider testimony presented after a trial court's decision when the "information was not included in the State's offer of proof made during the argument on the motion"). This leaves Wilde's third citation, which is to two pages of his PSI. These two pages do not identify a lack of assets but hint at it by noting that Wilde had not had "legitimate income since 2019."

court.  Based on these facts, we cannot say the district court abused its discretion in ordering $2,806.40 in restitution for investigatory work as authorized by I.C. § 37-2732(k).  *Cf. State v. Garcia*, 170 Idaho 708, 714-15, 516 P.3d 578, 584-85 (2022) (holding trial court did not err in awarding $162,285.27 in restitution under I.C. § 19-5304(7) when defendant had paid $2,267.90 via garnishments of his inmate account, had worked for five years in the "trailer manufacturing industry," and would be incarcerated for at least twenty-five years).

## IV.

## CONCLUSION

Wilde waived the argument he asserts on appeal and, even if not waived, Wilde has failed to show the district court erred in awarding restitution.  Accordingly, the order for restitution is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.